■ FRANCIS KADDO, Doing Business as FRANCIS' SERVICE STATION, Respondent, v KING SERVICE, INC., Appellant. [673 NYS2d 235] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Graffeo, J.), entered March 25, 1997 in Albany County, upon a verdict rendered in favor of plaintiff.

In July 1983, plaintiff purchased a gas station from defendant for the sum of $46,500. He alleges that as an inducement to the purchase, defendant represented that the gas station sold between 30,000 and 40,000 gallons of gasoline per month, and that the station's three gas tanks had been replaced within a few months of the sale. Within days of the purchase, plaintiff discovered that the tanks were losing gas and taking in water. He subsequently discovered that a fourth tank had been removed in May 1983 as a result of gasoline leakage affecting a neighboring property owner, and that of the three remaining tanks, two had been replaced some two years before the sale while the third had not been replaced at all. Plaintiff stopped selling gas in November 1983 because the loss from leakage exceeded his sales. Shortly thereafter, the Department of Environmental Conservation (hereinafter DEC) advised plaintiff that he could not sell gasoline due to the leakage of gasoline into the ground. DEC physically removed the tanks in early 1984, at which time one tank was found to have three holes in it, and all were found to be corroded. Oil was observed in the empty pits after the tanks were removed.

In this fraud action against defendant, plaintiff sought damages for replacement of the gasoline tanks and lost profits. Following a jury trial, a verdict was rendered awarding plaintiff $80,000 in restoration costs and $44,800 in lost profits on gasoline sales. Defendant moved to set aside the verdict as against the weight of the evidence and, alternatively, sought reduction of the total damage award. Supreme Court reduced the restoration damages award to $62,263 to conform to plaintiff's proof and otherwise denied defendant's motion. This appeal by defendant ensued.

We reject defendant's contention that the verdict was based

on legally insufficient evidence. A jury verdict is legally insufficient where no valid line of reasoning and permissible inferences can rationally lead to the conclusion reached by the jury on the basis of the evidence presented at trial (*Mirand v City of New York*, 84 NY2d 44, 48-49). To prevail upon his fraud claim, plaintiff was required to prove, by clear and convincing evidence, a misrepresentation or a material omission of fact which was false and known by defendant to be false, made for the purpose of inducing plaintiff to rely upon it, and justifiable reliance thereon by plaintiff resulting in injury (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421). Our review of the record discloses evidence, obviously credited by the jury, establishing that defendant misrepresented the condition of the existing gas tanks, failed to advise plaintiff of the leak affecting the neighbor's property and overstated the volume of gasoline sales. Plaintiff testified that he relied upon these representations in deciding to purchase the gas station and was damaged as a result of their falsity. These facts provide legally sufficient evidence to support a finding of fraud.

On the issue of the legal sufficiency of the evidence, we note that plaintiff offered testimony that on numerous occasions prior to the sale, defendant represented that there had been a leak on the property which had been completely remedied with the replacement of all of the tanks, and that defendant did not advise him at any point prior to the sale of the problem with the leakage onto the neighboring property and the consequent involvement of DEC, which culminated in the closing of the station. Conflicting testimony on the nature and extent of the representations made by defendant to plaintiff created credibility issues for the jury to resolve (*see, Wierzbicki v Kristel*, 192 AD2d 906, 907-908). The jury's resolution of the question in plaintiff's favor constitutes legally sufficient evidence to support the verdict.

Upon the issue of damages, however, defendant correctly asserts that compensation for lost profits is not properly a component of damages in an action for fraud. Instead, the proper measure of damages is plaintiff's actual pecuniary loss as a result of the fraud, or what is known as the "out-of-pocket" rule (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421, *supra*). "Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained" (*id.*, at 421; *see, Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 22). "Under the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud" (*Lama Hold-*

*ing Co. v Smith Barney, supra*, at 421; *see, Hanlon v Macfadden Publs.*, 302 NY 502, 511; *Reno v Bull*, 226 NY 546, 553; *Bernstein v Kelso & Co.*, 231 AD2d 314, 322). Plaintiff's reliance upon *Cayuga Harvester v Allis-Chalmers Corp. (supra)* is unavailing because the damages sought therein (the loss of a corn crop destroyed as a result of the malfunction of machinery manufactured by defendant) represented not profits or "benefit of the bargain" damages but consequential damages flowing directly from the wrong (*see, id.*, at 23). Accordingly, that portion of the judgment awarding plaintiff damages for lost profits from gasoline sales, which calculation was also speculative in nature, is reversed.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded damages of $44,800 for lost profits, and, as so modified, affirmed.