Austen NWANZE, et al., Plaintiffs–Appellant,

v.

PHILIP MORRIS, et al., Defendants–Appellees.

No. 00–6273.*

United States Court of Appeals, Second Circuit.

April 23, 2001.

* Abbreviated caption.

Austen Nwanze, Bradford, PA, pro se.

Sean C. Cenawood for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY; Jeffrey Oestericher, on the brief, for appellee Kathleen Hawk.

Robert A. Cohen, Dechert Price & Rhoads, New York, NY; Simon Block on the brief, for appellee Philip Morris, Inc.

Present McLAUGHLIN, CALABRESI and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

## I. BACKGROUND

This case is brought by Austen Nwanze ("Nwanze") and 434 other non-smoking inmates at federal prisons in Ohio and Pennsylvania (collectively "plaintiffs") claiming that they have been wrongfully exposed to excessive quantities of second hand tobacco smoke. They seek money damages for the harm this exposure has allegedly caused them. The defendants are tobacco manufacturers and their trade associations (the "private defendants") and Kathleen Hawk ("Hawk"), the Director of the Federal Bureau of Prisons. The central allegation in the plaintiffs' complaint is that the private defendants conspired with Hawk to distribute and sell cigarettes and tobacco products to the populations of the prisons at which the plaintiffs are incarcerated, with deliberate indifference to the health risks second hand smoke poses to non-smoking inmates, all in violation of the plaintiffs' rights under the Eighth Amendment. Because Hawk is a federal official, plaintiffs' constitutional tort claim is governed by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The defendants moved to dismiss the plaintiffs' complaint pursuant to Fed. R.Civ.P. 12(b)(6), and the district court granted the motion. In doing so, the district court noted that the linchpin of the plaintiffs' argument—the claim of a conspiracy involving the private defendants and Hawk—was not pleaded with the par-

ticularity required of conspiracy claims in the federal courts. *See, e.g., Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990) (requiring "more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive [a plaintiff] of his constitutional rights"). The district court reasoned that without a valid allegation of conspiracy, the plaintiffs' Eighth Amendment claim could not survive against either the private defendants or Hawk.

As regards the private defendants, the district court concluded that without a conspiracy to link them to Hawk, these defendants' conduct could not satisfy the federal action requirement on which the plaintiffs' *Bivens* claims depend.[1] *See Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir.1987) (noting that *Bivens* claims require federal action analogous to the state action required under 42 U.S.C. § 1983). Furthermore, the district court pointed out that Hawk could not, under *Bivens,* be sued in her official capacity, *see FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). Finally, the district court noted that it could not hear a suit against Hawk in her individual capacity unless it enjoyed personal jurisdiction over her, *see Robinson,* 21 F.3d at 510, and that other than the inadequately pleaded conspiracy allegation, the plaintiffs had failed to allege any facts sufficiently con-

necting Hawk to the State of New York to support personal jurisdiction.

Accordingly, the district court dismissed the plaintiffs' constitutional complaint against both the private defendants and Hawk. Therefore, the district court declined to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. Nwanze filed a timely appeal.

## II. DISCUSSION

 The bulk of Nwanze's contentions on appeal are meritless and repeat arguments properly rejected below. Accordingly, we affirm the dismissal of Nwanze's claims against Hawk and the private defendants for substantially the reasons given by the district court. Moreover, to the extent Nwanze's complaint might be construed as presenting a *Bivens* action directly against the Bureau of Prisons challenging the Bureau's administration of smoking in his prison, *Meyer* forbids such a claim. And finally, although Nwanze's complaint, construed liberally, might be read to assert a personal-capacity *Bivens* claim against federal prison officials other than Hawk alleging that these officials had failed to enforce prison policies designed to control the spread of second hand smoke, such a claim would fail for the same reason for which the personal-capacity claim against Hawk also failed. With the exception of the inadequate conspiracy allegations, Nwanze has alleged no facts connecting to the State of New York any of the prison officials who might be charged with failing to enforce the relevant policies. Accordingly, just as this court lacks personal jurisdiction over

---

1. The district court therefore did not reach the question, which it observed remained open in this Circuit, whether a private party acting jointly with a federal agent might satisfy the federal action requirement imposed by *Bivens.* We note that in making this comment, the district court did not have the bene-

fit of *Malesko v. Correctional Services Corp.,* 229 F.3d 374 (2d Cir.2000) cert. granted —— U.S. ——, 121 S.Ct. 1224, 149 L.Ed.2d 134 (2001), which considered some of the questions the comment addresses and was decided shortly after the district court issued its opinion in this case.

Hawk in her individual capacity, so it would lack personal jurisdiction over the other personal-capacity defendants Nwanze might plausibly name.[2]

## III. CONCLUSION

We have reviewed all Nwanze's remaining claims and find them to be without merit. Accordingly, the district court's judgment is AFFIRMED.

---

**2.** Because we decide the case on these grounds, we need not discuss Hawk's alternative defense that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires the exhaustion of administrative remedies even when prisoners seek relief not available through administrative channels.

