**Austen NWANZE, Plaintiff–Appellant,**

v.

**TIME, INC., Defendant–Appellee.**

No. 03–7135.

United States Court of Appeals,
Second Circuit.

March 9, 2005.

Austen Nwanze, Bradford, PA, for Appellant, pro se.

Douglass B. Maynard (Michael D. Lockard), Akin Gump Strauss Hauer & Feld LLP, New York, NY, for Appellees, of counsel.

PRESENT: NEWMAN, LEVAL and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Austen Nwanze appeals the judgment of the District Court, entered December 24, 2002, dismissing without prejudice his claims against defendant-appellee Time, Inc. ("Time"), and an order of the District Court, entered January 16, 2003, denying his motion to amend or alter the Court's judgment, pursuant to Fed.R.Civ.P. 59(e). Nwanze, currently incarcerated in western Pennsylvania, brought this action *pro se* against Time for having allegedly fraudulently induced him to subscribe to magazines with promises of multi-million dollar prizes that he never received.

The District Court *sua sponte* dismissed Nwanze's action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss the case [brought by an *in forma pauperis* litigant] at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted...." The District Court based its determination that Nwanze's action did not state a claim on which relief may be granted on its holding that it lacked venue over the action pursuant to 28 U.S.C. § 1406(a). The Court explained its lack of venue:

> [Nwanze] is incarcerated in ... the Western District of Pennsylvania. He states that [Time] is a corporation headquartered in ... the Southern District of New York. [He] has not alleged that any portion of the events giving rise to this claim took place in the Western District of New York.

On appeal, Nwanze argues that the District Court erred by dismissing his complaint—although his scant two-page memorandum offers little explanation of how this Court might arrive at that conclusion. He seeks a remand to the District Court, with instructions either (1) to allow him to amend his complaint to cure "venue deficiency," or (2) to transfer his action to the proper venue.

We need not be detained with the questions whether the District Court abused its discretion in dismissing Nwanze's claims on venue grounds or in declining to transfer the action to another district, because this action should be dismissed on alternate grounds—namely, there is no subject matter jurisdiction because it is a legal certainty that Nwanze cannot satisfy the amount-in-controversy requirement of diversity-of-citizenship subject matter jurisdiction. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 362 (2d Cir.2003) ("[T]he court may examine subject matter jurisdiction, *sua sponte,* at any stage of the proceeding.") (quotation marks omitted); *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may ... affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

In his complaint, Nwanze seeks actual damages of $2,550,112 and punitive damages of $5,000,000. On its face, this would appear to satisfy the requirements of federal subject matter jurisdiction based on diversity of citizenship. *Compare* Nwanze Compl. at ¶¶ 3, 4, 20, 21 (alleging over seven million dollars' damages owed by a

New York defendant to a Pennsylvania plaintiff), *with* 28 U.S.C. § 1332(a), (a)(1) (providing federal subject matter jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000).

While we customarily interpret a plaintiff's allegations of damages as sufficient to satisfy the amount-in-controversy requirement, we do not do so when it is a "legal certainty" that the plaintiff cannot recover the damages he seeks. *See Hall v. Earth-Link Network, Inc.*, No. 04–0384–CV, 2005 WL 147139, at n. 5 (2d Cir. Jan.25, 2005) ("In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction."); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify a dismissal.").

■ Under New York law,[1] it is a legal certainty that Nwanze cannot recover the actual damages of $2,550,112 that he seeks. He seemingly bases this figure principally on what he interprets to have been representations from Time that, if he subscribed to their magazines, he would win two prizes—one for $1,666,775 in February 1999, and the other for $833,337 in April 2001. New York does not permit Nwanze to claim actual damages for the loss of speculative, expected proceeds. Rather, he may claim actual damages only for his "out-of-pocket" expenses. *See Kaddo v. King Serv., Inc.*, 250 A.D.2d 948, 949, 673 N.Y.S.2d 235 (3d Dep't 1998) ("[T]he proper measure of damages is plaintiff's actual pecuniary loss as a result of the fraud, or what is known as the out-of-pocket rule. Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained.") (internal citations and quotation marks omitted). Nowhere does Nwanze allege out-of-pocket expenses anywhere near the $75,000 amount-in-controversy threshold requirement.[2]

Nwanze's claim for $5,000,000 in punitive damages does not remedy the insufficiency of amount-in-controversy in this case. When available, we will consider punitive damages for these purposes, *see A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d

---

**1.** As a federal court adjudicating claims brought pursuant to diversity-of-citizenship jurisdiction, we apply the law of the forum state. *See, e.g., Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 178 n. 23 (2d Cir.2004). Accordingly, we apply New York's choice-of-law jurisprudence to determine whether New York or Pennsylvania law should be applied to Nwanze's claims. With respect to the relevant issue here— whether Nwanze may claim actual damages for not having received money prizes in exchange for subscribing to magazines, "benefit of the bargain" damages—there is no substantive difference between New York and Pennsylvania law. *See Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996) ("Damages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained."); *Neuman v. Corn Exchange Nat'l Bank & Trust Co.*, 356 Pa. 442, 455, 51 A.2d 759 (1947) ("In an action for deceit or fraud in Pennsylvania, the plaintiff can recover only 'his actual loss' and not 'the value of his bargain'."). Accordingly, we apply New York law.

**2.** Subtracting the two prize amounts ($1,666,-775 and $833,337) from Nwanze's claim of actual damages ($2,550,112) leaves $50,000. We note both that this figure is shy of the $75,000 amount-in-controversy requirement, and that, in any event, Nwanze provides no explanation for the amount. None is apparent from reading Nwanze's complaint.

82, 87 (2d Cir.1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."), but we will consider those punitive damages with heightened scrutiny, *see Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir.1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny ... than a claim for actual damages.").

■ To put it mildly, Nwanze's demand for five million dollars' punitive damages based on his claims that Time fraudulently induced him into subscribing to magazines with promises of multi-million dollar prizes—with unspecified or no actual damages—"raise[s] a suspicious judicial eyebrow." *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 583, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *see also Gilman v. BHC Sec.*, 104 F.3d 1418, 1431 n. 13 (2d Cir.1997). We will not allow a plaintiff to meet the amount-in-controversy requirement by demanding $5,000,000 in punitive damages, when the only actual damages that he claims are unavailable as a matter of law.

Lastly, we note that Nwanze has compiled what appears to be a substantial history of unsuccessful litigation in the federal courts.[3] We do not scold Nwanze for availing himself of the United States's judicial fora, nor do we comment on whether any past actions he has brought as a *pro se* litigant appear to have been frivolous. But we do note that the District Court, in dismissing Nwanze's claim, provided that "any appeal from this Order would not be taken in good faith." We remind Nwanze that frivolous appeals may be met with leave-to-file sanctions. *See, e.g., In re Martin-Trigona*, 9 F.3d 226 (2d Cir.1993) (discussing leave-to-file sanctions available to this Court); *In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1147 (2d Cir.1993) (noting that sanctions for a frivolous appeal may be imposed even if the appeal was brought in good faith, so long as the "appeal taken is found to be groundless, without foundation, and without merit").

For the reasons stated above, the judgment of the District Court is hereby AFFIRMED.

Judge Leval concurs on the ground that the District Court acted within its discre-

---

**3.** We have not compiled an exhaustive list of matters that Nwanze has initiated, but we note that our search of relevant databases reveals a number of actions—in none of which Nwanze has prevailed.

By our count, Nwanze has unsuccessfully petitioned for a writ of certiorari from the United States Supreme Court at least seven times. *See Nwanze v. Philip Morris, Inc.*, 535 U.S. 1074, 122 S.Ct. 1955, 152 L.Ed.2d 857 (2002); *Nwanze v. Philip Morris, Inc.*, 534 U.S. 962, 122 S.Ct. 369, 151 L.Ed.2d 280 (2001); *Nwanze v. United States*, 516 U.S. 1064, 116 S.Ct. 747, 133 L.Ed.2d 695 (1996); *Nwanze v. Jones*, 516 U.S. 835, 116 S.Ct. 112, 133 L.Ed.2d 64 (1995); *Nwanze v. Morchower, Luxton & Whaley*, 516 U.S. 852, 116 S.Ct. 150, 133 L.Ed.2d 95 (1995); *Nwanze v. Woody*, 515 U.S. 1135, 115 S.Ct. 2565, 132 L.Ed.2d 817 (1995); *Nwanze v. United States*,

510 U.S. 926, 114 S.Ct. 332, 126 L.Ed.2d 277 (1993).

This Court, too, has dealt with Nwanze's appeals. *See, e.g., Nwanze v. Philip Morris, Inc.*, 6 Fed.Appx. 98, 100 (2d Cir.2001) (affirming the district court's dismissal of Nwanze's claim against a tobacco manufacturer and others for exposure to second-hand smoke, and noting that "[t]he bulk of Nwanze's contentions on appeal are meritless and repeat arguments properly rejected below").

Other courts of appeals have dealt with Nwanze repeatedly. *See, e.g., Nwanze v. Tepper Brothers*, 67 F.3d 296 (4th Cir.1995) (affirming dismissal of his *pro se* breach of contract claim); *Nwanze v. Woody*, 43 F.3d 1467 (4th Cir.1994) (affirming dismissal of his *pro se* 42 U.S.C. § 1983 claim).

tion in deciding to dismiss the action, rather than transfer venue.