**William D. ROTBLUT et al., Plaintiffs,**

v.

**BEN HUR MOVING AND STORAGE, INC., Defendant.**

**No. 07 Civ. 7482 (VM).**

United States District Court, S.D. New York.

Nov. 7, 2008.

William D. Rotblut, New York, NY, pro se.

Lois B. Rotblut, New York, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs William D. Rotblut and Lois B. Rotblut (collectively, "Plaintiffs") brought

this action alleging that defendant Ben Hur Moving and Storage, Inc. ("Ben Hur"): (1) violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666, and other state and federal laws protecting consumers; (2) breached its contract with Plaintiffs; and (3) negligently damaged Plaintiffs' furniture. In their amended complaint, dated May 20, 2008 (the "Amended Complaint"), Plaintiffs claim damages of $33,470.78 for breach of contract and negligence, as well as $100,000.00 for Ben Hur's violation federal and state consumer laws.

For the reasons discussed below, the Court dismisses the action, *sua sponte* and without prejudice, for want of subject matter jurisdiction.

## I. *DISCUSSION*

As an initial matter, the Court is mindful that Plaintiffs are proceeding *pro se,* and that their submissions should thus be held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir. 1993) (*quoting Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Moreover, when plaintiffs bring a case *pro se,* the Court must construe their pleadings liberally and should interpret them " 'to raise the strongest arguments that they suggest.' " *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Still, *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Boddie v. New York State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (*quoting Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

The Court "may examine subject matter jurisdiction, *sua sponte,* at any stage of the proceeding." *Adams v. Suozzi,* 433 F.3d 220, 224 (2d Cir.2005) (citation and quotation marks omitted). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700–01 (2d Cir.2000). The basis for subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. § 1331 ("§ 1331") and 28 U.S.C. § 1332 ("§ 1332"). Under these statutes, a district court's subject matter jurisdiction may be exercised only when: (1) a federal question is presented; or (2) when the parties have complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000. *See* §§ 1331, 1332. The Amended Complaint satisfies neither of these bases.

## A. *FEDERAL QUESTION JURISDICTION*

To establish federal question jurisdiction under § 1331, "a cause of action created by federal law" is not necessary. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 310, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005); *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 194 (2d Cir.2005). Rather, the standard is whether " 'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.' " *Broder,* 418 F.3d at 194 (*quoting Grable & Sons,* 545 U.S. at 314, 125 S.Ct. 2363).

Plaintiffs do not raise an "actually disputed and substantial" federal issue in the Amended Complaint. Plaintiffs' first stated cause of action is a breach of contract claim against Ben Hur—a straightforward state-law question that does not present any federal issue. Similarly, Plaintiffs' third cause of action, alleging that Ben Hur mishandled their property with gross

negligence, is a state law-based claim that does not raise a federal issue.

Plaintiffs attempt to directly implicate federal law in the second stated cause of action, alleging that Ben Hur, "in violation of federal and state laws protecting consumers, improperly and falsely held itself out as selling insurance to its customers." Amended Complaint ¶ 17. The only federal law referenced in the Amended Complaint is an allegation that Ben Hur violated the Truth in Lending Act (the "TILA") 15 U.S.C. § 1601 *et seq.*, more specifically the Fair Credit Billing Act (the "FCBA"), 15 U.S.C. § 1666, a subsection of the TILA. *Id.* ¶¶ 1, 10. The TILA, including the FCBA, imposes civil liabilities only upon "creditors." *See* 15 U.S.C. § 1640. Ben Hur is not a creditor. *See* 15 U.S.C. § 1602(f) (defining "creditor" under the TILA). Therefore, the FCBA does not apply in the instant action, nor does any other section of the TILA.[1]

Indeed, the Court is not aware of any federal issue necessarily raised by any claim in the Amended Complaint. For example, the Federal Trade Commission Act, which prohibits unfair or deceptive practices, does not provide for a private cause of action. *See* 15 U.S.C. § 45(a); *see also Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir.1974) ("[T]he provisions of the Federal Trade

Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."). Similarly, the Lanham Act, which provides federal causes of action for unfair competition and false advertising, does not provide consumers standing to sue. *See Colligan v. Activities Club of N.Y., Ltd.*, 442 F.2d 686, cert. denied, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971); *Bangkok Crafts Corp. v. Capitolo di San Pietro in Vaticano*, No. 03 Civ. 0015, 2005 WL 1595285, at *5 (S.D.N.Y. July 6, 2005) ("Courts [of this circuit] have restricted standing to commercial parties, excluding mere consumers ...." (*quoting PPX Enters., Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 125 (2d Cir.1984))).

Plaintiffs cannot establish federal question jurisdiction for any of their stated causes of action and thus cannot avail themselves of the Court's subject matter jurisdiction pursuant to § 1331.

### B. *DIVERSITY JURISDICTION*

The amount in controversy in a federal diversity action must exceed $75,000, exclusive of interest and costs. *See* § 1332(b). Plaintiffs seek damages for breach of contract in the amount of $1,316.00, and for negligence in the amount of $32,154.78. These requested damages

---

1. Plaintiffs originally named a creditor, American Express Company ("American Express"), as a defendant but have since discontinued that action. Plaintiffs now argue that "[i]t is irrelevant that American Express is no longer a party to the action. They were a party at the time the action was commenced. The court obtained jurisdiction at that time, and jurisdiction cannot be taken away by the later settlement of the action against that defendant." *See* Affirmation of William D. Rotblut, dated May 20, 2008, annexed to the Amended Complaint. If American Express were still a party, the Court would have federal question jurisdiction over the instant action. *See* 15 U.S.C. § 1640 (granting jurisdiction to federal

district court when plaintiff claims violation of TILA). However, because Plaintiffs discontinued the action against American Express, no federal claims remain and it would not be proper for the Court to exercise jurisdiction on that now-extinguished basis. *See Ricci v. DeStefano*, 530 F.3d 88, 122 (2d Cir.2008) ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." (*citing Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988))).

do not reach the requisite statutory threshold. The Court's jurisdiction therefore hinges on the $100,000 in damages that Plaintiffs seek in connection with the second cause of action: that Ben Hur, "in violation of federal and state laws protecting consumers, improperly and falsely held itself out as selling insurance to its customers." Amended Complaint ¶ 17.

As the Court has already determined, no federal law applies to the instant action; the Court therefore will determine the viability of the claim of $100,000 in damages by looking to potentially relevant New York state laws. *See Bernshteyn v. Feldman*, No. 04 Civ. 1774, 2006 WL 2516514, at *2 (S.D.N.Y.2006) ("When the asserted amount in controversy is based on a cause of action created by state law, 'the federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced.'" (*quoting Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961))).

The only applicable state laws of which the Court is aware are state consumer laws prohibiting deceptive acts or practices. In particular, New York General Business Law § 349 ("§ 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.'" *Id.* § 349(a); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 51 (2d Cir.1992). This statute provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." § 349(h). Section 349 thus restricts Plaintiffs' recovery to actual damages, in this case, accepting Plaintiffs' allegations as true for the purposes of the instant motion, a sum of $33,470.78, which falls short of the $75,000 statutory minimum.

While § 349(h) authorizes the award of treble damages, the Court may increase damages only "to an amount not to exceed three times the actual damages up to one thousand dollars." *Id.* Even assuming Plaintiffs' claimed actual damages total $33,470.78, treble damages are not available, as they would exceed the $1,000 limit.

Plaintiffs similarly cannot meet the $75,000 threshold under New York General Business Law § 350 ("§ 350"), which prohibits false advertising. Section 350–e limits recovery to "actual damages or five hundred dollars, whichever is greater." *Id.* While § 350–e authorizes the award of treble damages, the Court may increase damages only "to an amount not to exceed three times the actual damages, up to ten thousand dollars." *Id.* Because Plaintiffs' maximum claimed actual damages total $33,470.78, treble damages are not available under § 350–e, as they would exceed the $10,000 limit.

Plaintiffs cannot, as a matter of law under any potentially applicable statute known to the Court, allege an amount in controversy that would exceed $75,000; the Court therefore does not have jurisdiction over this action. *See Bernshteyn*, 2006 WL 2516514, at *2 ("[I]f a plaintiff asserts a state-law cause of action seeking damages greater than the jurisdictional minimum, but the state law upon which the plaintiff's claims are based does not permit, as a matter of legal certainty, recovery of the amount claimed by the plaintiff, then § 1332's amount-in-controversy requirement is not satisfied and the district court lacks jurisdiction over the action."); *see also Nwanza v. Time, Inc.*, 125 Fed. Appx. 346, 347–49 (2d Cir.2005) (unpublished opinion).

## II. ORDER

For the reasons stated above, it is hereby

ORDERED that this case is dismissed, without prejudice.

The Clerk of Court is directed to withdraw any pending motions and close this case.

SO ORDERED.