■ MICHAEL WEISSMAN et al., Respondents, v STEPHEN KUBASEK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to "enjoin" appellants from "interfering with the right of petitioners [who are mayoral appointees to the Yonkers Charter Revision Commission pursuant to Municipal Home Rule Law § 36 (4)] to serve and act as members of the [c]ommission", the appeal, as limited by appellants' notice of appeal and brief, is from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated May 1, 1985, as granted injunctive relief without qualification.

Judgment modified, in the exercise of discretion, by adding to the third line of the first decretal paragraph thereof, before the word "restrained", the word "preliminarily". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings.

A trial court has discretion to grant a preliminary injunction, and the granting of such relief will not be disturbed absent an abuse of discretion (*Picotte Realty v Gallery of Homes,* 66 AD2d 978; *Niagara Recycling v Town of Niagara,* 83 AD2d 316). An application for preliminary injunctive relief requires a showing that (1) the movant is likely to ultimately succeed on the merits, (2) the movant will suffer irreparable injury absent granting of the preliminary injunction, and (3) a balancing of the equities favors granting of the preliminary injunction (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13a). A prima facie showing of a reasonable probability of success is sufficient; actual proof of the petitioners' claims should be left to a full hearing on the merits (*Tucker v Toia,* 54 AD2d 322, 326). At bar, petitioners made a sufficient showing to warrant the granting of preliminary injunctive relief. However, the judgment appealed from purports to grant

permanent injunctive relief, in that the word "preliminary" does not appear therein. It is clear from this record that preliminary relief was intended; in any event, it does not appear that the complex issues involved can be finally resolved on the basis of the papers submitted. Accordingly, we modify the judgment so as to grant only preliminary injunctive relief, and remit the matter to the Supreme Court, Westchester County, for further proceedings. We have examined appellants' other contentions, and find them unpersuasive. Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.