■ MICHAEL WEISSMAN et al., Appellants, v STEPHAN KUBASEK et al., Respondents, et al., Defendant.—In a proceeding pursuant to CPLR article 78 to permanently enjoin the members of the City Council of the City of Yonkers, *inter alia,* from "interfering with the right of petitioners to serve and to act as members of the Yonkers Charter Revision Commission", the petitioners appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), entered March 25, 1986, which denied their motion for summary judgment.

Order reversed, on the law, without costs or disbursements, motion granted to the extent that the proceeding is deemed to be an action for a declaratory judgment (CPLR 103 [c]), it is declared that the petitioners are lawfully constituted as members of a Charter Revision Commission for the City of Yonkers, and, upon searching the record, petition dismissed in all other respects.

On or about November 19, 1984, the Mayor of the City of

Yonkers created a commission to draft a new or revised city charter pursuant to Municipal Home Rule Law § 36 (4). The petitioners in this proceeding are members of this commission. On November 28, 1984, five members of the City Council of the City of Yonkers voted to pass a resolution declaring, *inter alia,* that it "chooses not to give its advice and consent to the appointments [to the commission] filed with the City Clerk on November 19, 1984". Those five council members were named as respondents in this proceeding, along with Arthur Doran, the Corporation Counsel of the City of Yonkers. The proceeding was dismissed as to Doran, and that dismissal was never challenged on appeal.

In this proceeding, the relief requested by the petitioners is a judgment: (1) permanently restraining and prohibiting the respondents and Doran from interfering with the right of petitioners to serve and to act as members of the Yonkers Charter Revision Commission, (2) directing the respondents and Doran to provide the petitioners with all of the rights and benefits of their public offices as charter revision commissioners, and (3) for such other and further relief as the court may deem just and proper.

The petitioners made a motion which they denominated as one for a preliminary injunction. The court (Walsh, J.), in its written decision, deemed this application to be one for preliminary relief. However, it issued an order granting permanent injunctive relief, enjoining the respondents, *inter alia,* from "asserting any right to advise and consent to the appointment of petitioners as Charter Revision Commissioners; from impeding their lawful work; [or] from intruding upon their jurisdiction by considering, threatening to adopt, or adopting any amendment to the Charter of the City of Yonkers". On appeal, this court modified that order so as to grant preliminary injunctive relief only, and remitted the matter to the Supreme Court, Westchester County, for further proceedings *(Weissman v Kubasek,* 112 AD2d 1086).

Further proceedings have now been had. Specifically, the petitioners have moved for summary judgment. Their motion was denied on the ground that triable issues of fact exist. We disagree, and find that, after examining the papers in support of the petitioner's summary judgment motion, no issue of fact exists. Accordingly, we turn to the merits of the legal arguments raised by the parties.

First, we hold that the issuance of a permanent injunction is not warranted. The petitioners have failed to show what act, if any, the respondents are threatening which would

impede them in the exercise of their duty to review the Yonkers City Charter. True, the respondents passed a resolution purporting to disapprove of the appointment of the petitioners as charter revision commissioners. However, based on this record, we find no evidence of how this resolution, in fact, intruded on the petitioners' jurisdiction or hindered them in the performance of their duties in any way.

We note, in this regard, that while there are allegations, which went undenied, that the Yonkers City Manager has notified the Commissioner of Fiscal Services not to disburse any funds to the petitioners, despite a mayoral certificate directing that such moneys be disbursed (see, Municipal Home Rule Law § 36 [6] [c]), the record is unclear whether, in fact, any such moneys have or have not been disbursed. More fundamentally, however, we note that neither the City Manager nor the Commissioner of Fiscal Services is a party to this proceeding, so the court is without jurisdiction to compel the disbursement of such money, even if such relief were warranted. Even assuming these officials are impeding the petitioners, such would not serve as a basis for issuing an injunction against the respondents.

Notwithstanding the foregoing, we find that a justiciable controversy is presented which warrants the issuance of a declaratory judgment. Specifically, it is the respondents' position that since the Yonkers City Charter § C3-7 provides that "[a]ll appointments to be made by the Mayor * * * shall be made with the advice and consent of the [City] Council", the petitioners are not lawful charter revision commissioners, because the City Council had declined to approve their appointments. We disagree. Municipal Home Rule Law § 36 (4) empowers the Mayor to unilaterally appoint such a commission. The commission can also be created by the passage of a local law, without the necessity of mayoral approval (see, Municipal Home Rule Law § 36 [2]). To the extent the Yonkers City Charter is inconsistent with the Municipal Home Rule Law on this point, the statute of general applicability must prevail.

Accordingly, in the exercise of discretion, we deem the proceeding under review to be an action for a declaratory judgment (see, CPLR 103 [c]) and we declare that the petitioners are lawfully constituted as a charter revision commission.

We note, finally, that the procedural context in which this case is before us (i.e., the absence of the City Manager and Commissioner of Fiscal Services as a party respondent) ren-

ders it unnecessary to decide whether the Mayor may unilaterally compel the disbursement of city moneys to the petitioners, regardless of the provisions of the New York State Financial Emergency Act of 1984 (L 1984, ch 103). We therefore do not pass on that issue. Brown, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.