OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Respondent Key Bank has initiated procedures to enforce a lien on property owned by petitioner Myers to satisfy a default judgment entered in its favor against Dolores Clark, the guarantor of a loan made by the bank to 340 Main Street Corp. Myers purchased the subject property from Mrs. Clark in her capacity as executrix of her late husband Robert Clark’s estate. Mrs. Clark, in her individual capacity, previously had included the property in a list of her assets provided *746 to the bank as part of the loan application. A title search at that time would have revealed a deed executed by the deceased Clark in 1978 and recorded shortly after his death transferring the property to Mrs. Clark for nominal consideration.
Myers and petitioner Dime Savings Bank, which financed the Clark-to-Myers transaction, brought the instant proceeding against Key Bank pursuant to CPLR 5239 to determine the parties’ rights in the property. The gravamen of the petition is that the deed to Mrs. Clark was never delivered and is, therefore, void (see, e.g., Real Property Law § 244; 6A Powell, Real Property If 891). Thus, petitioners assert that title to the property remained in the Clark estate; that despite the fact that the deed to Mrs. Clark was recorded, she did not have title as she claimed when she guaranteed the Key Bank loan; and, accordingly, that Myers took title from the estate free and clear of the Key Bank judgment against Mrs. Clark.
The evidence submitted by petitioners is insufficient to overcome the presumption of delivery of the deed and Dolores Clark’s record ownership of the subject property resulting from the recording of the deed to her from Robert Clark (Sweetland v Buell, 164 NY 541, 552; Rametta v Kazlo, 68 AD2d 579, 581, mot to dismiss appeal denied 48 NY2d 669; Richardson, Evidence § 81 [10th ed]) together with her other conduct with respect to the property.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.