■ REBECCA MOCZAN, Respondent, v ALBERT M. MOCZAN et al., Appellants.—In an action, *inter alia,* for a judgment declaring that a deed to certain property is void, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Adler, J.), dated February 6, 1987, as (1) granted the plaintiff's motion to enjoin them from interfering with her use and occupancy of the subject premises and from transferring or encumbering the property and (2) denied those branches of their cross motion which were for summary judgment dismissing the second, third, fourth and fifth causes of action asserted in the complaint.

Ordered that the order is modified, by deleting the provisions thereof which denied those branches of the cross motion which were to dismiss the second, third and fourth causes of action asserted in the complaint and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the trial court did not abuse its discretion in granting a preliminary injunction in order that the status quo be maintained until the plaintiff's claim to a life estate in the subject premises is resolved *(see, Weissman v Kubasek,* 112 AD2d 1086). The defendants failed to effectively dispute the plaintiff's contention that she will suffer irreparable injury if she is evicted nor did they dispute that the balancing of the equities is in her favor. Although the plaintiff's claim to a life estate rests on disputed facts that must await resolution at a trial, she has nevertheless made a prima facie showing of a reasonable probability of success on the merits *(see, e.g., Weissman v Kubasek, supra; Tucker v Toia,* 54 AD2d 322; *cf., Da Costa's Automotive v Birchwood Plaza Shell,* 106 AD2d 484; *but see, Zurich Depository Corp. v Gilenson,* 121 AD2d 443).

The court erred, however, in denying those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiff's second, third and fourth causes of action.

In the second cause of action, the plaintiff sought to set aside the conveyance of the premises by her late husband to his children, the defendants, upon the ground that there was no consideration therefor. However a conveyance of property is not invalid for want of consideration if that is the intent of the grantor (General Obligations Law § 5-1115). The plaintiff failed to offer any evidence to rebut the defendants' contention that the conveyance was a gift. The deed states on its face that it was a family transaction made without consideration, and the father had previously executed a will in which he bequeathed the premises to two of the defendants.

In the third and fourth causes of action, the plaintiff alleged that the deed was not delivered or accepted. The deed is dated August 8, 1986, and was recorded the following month. The defendant Albert Mark Moczan stated that the deed was delivered to him and was accepted by him on the date it was executed. The plaintiff has failed to offer any evidence to rebut this statement or to rebut the presumption of delivery that results from the recording of the deed *(see, e.g., Matter of Myers v Key Bank,* 68 NY2d 744).

Finally, the court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the fifth cause of action to recover damages based on fraud. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.