■ LEONARD LEAP, Respondent, v THOMAS FINNEN et al., Appellants.—In an action, *inter alia,* to permanently enjoin the defendants from conducting a new election for the office of Second Assistant Chief of the Bellmore Fire Department, the defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered March 2, 1990, which granted the plaintiff's motion for a preliminary injunction and

ordered that the plaintiff immediately be appointed to the office of Second Assistant Chief.

Ordered that the order is reversed, on the law, with costs, and the motion for a preliminary injunction is denied.

It is well established that in order to be entitled to a preliminary injunction, the moving party has the burden of showing that (1) he is likely to ultimately succeed on the merits, (2) he will suffer irreparable injury, and (3) a balancing of the equities is in his favor *(see, Weissman v Kubasek,* 112 AD2d 1086). We find that the plaintiff herein failed to make a sufficient showing to warrant the granting of preliminary injunctive relief.

Town Law § 176 provides a mechanism for the members of fire departments to nominate a person to the office of Assistant Chief and to submit the name of the nominee to the Board of Fire Commissioners for approval. Subdivision (11-b) of section 176 further provides, in pertinent part: "The board of fire commissioners at its organizational meeting in the month of January next succeeding the making of such nominations shall consider the same and shall appoint such persons to the offices to which they have been respectively nominated or, *if a nomination is not approved the board of fire commissioners shall call another meeting of the members of the fire department at which a new nomination shall be made to take the place of any nomination not approved,* which procedure shall continue until a full set of officers is approved" (emphasis added).

Based on the plain language of this statute, the Board of Fire Commissioners was not required to give a reason for its rejection of the plaintiff's nomination *(see, Matter of Russo v Board of Fire Commrs.,* Sup Ct, Suffolk County, May 31, 1967, Tasker, J.; *Matter of Gorgone v Board of Fire Commrs.,* Sup Ct, Suffolk County, Mar. 10, 1983, Bruscia, J.). Moreover, the defendants' actions were not in violation of the plaintiff's State and Federal due process rights *(Matter of Gorgone v Board of Fire Commrs., supra,* citing *Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529).

It is evident, therefore, that the plaintiff did not sufficiently establish his likelihood of success on the merits. In addition, the court erred in determining that the plaintiff would suffer irreparable harm and in finding that the balance of the equities were in favor of the plaintiff. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.