■ TRUSTCO BANK NEW YORK, as Successor to HOME & CITY SAVINGS BANK, Respondent, v RALPH H. DRAKE, Appellant, et

al., Defendants. [599 NYS2d 763] Crew III, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered July 24, 1992 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered November 13, 1992 in Albany County, which, *inter alia,* denied defendant Ralph H. Drake's motion for reconsideration.

On or about January 22, 1990, defendant Ralph H. Drake (hereinafter defendant) executed a note and mortgage in favor of Home & City Savings Bank, plaintiff's predecessor in interest,* evidencing an indebtedness in the principal sum of $335,000. In accordance with the terms of the note, defendant was required to make monthly principal and interest payments on the first day of each month beginning March 1, 1990. Both the note and mortgage provided that plaintiff could accelerate the entire sum due in the event of defendant's default, which included the failure to make the monthly installment payments.

Although defendant fulfilled his obligations in this regard through December 1990, he thereafter failed to make the required monthly payments for the period January 1, 1991 through May 1, 1991. The parties then entered into "workout" discussions, which culminated in the execution of a forbearance agreement on or about May 3, 1991. Under the terms of this agreement, defendant acknowledged that he had defaulted upon his mortgage obligation by, *inter alia,* failing to make the required monthly payments and, in consideration for plaintiff agreeing not to foreclose at that time, agreed to, *inter alia,* provide plaintiff with an absolute assignment of rental income from the newly acquired tenant for the premises beginning June 1, 1991, provide plaintiff with a copy of the lease for the premises within 10 days of the execution of the forbearance agreement and deliver the sum of $7,754 to plaintiff on or before May 10, 1991. Defendant further acknowledged that "a default by him on any one of the aforementioned conditions of this agreement [would] permit [plaintiff] to immediately commence a foreclosure proceeding and/or exercise any or all of its rights".

Defendant thereafter failed to tender the required payment of $7,754 on or before May 10, 1991, and plaintiff subsequently commenced this foreclosure action against defendant and

---

* It appears that Home & City Savings Bank has since merged into Trustco Bank New York and, for purposes of this decision, all references to either entity will be to plaintiff.

other interested parties. Although defendant mailed the required payment on or about May 29, 1991, plaintiff returned the check as untimely. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted plaintiff's motion, and defendant thereafter moved for leave to reargue and renew and for an order staying all proceedings pending appeal. Supreme Court denied defendant's motion and these appeals followed.

The record before us plainly establishes that defendant defaulted on his payment obligations under the note and mortgage and that he thereafter failed to faithfully perform his obligations under the subsequently executed forbearance agreement. Although defendant attempts to excuse his admitted failure to tender payment in the amount of $7,754 on or before May 10, 1991 by characterizing his actions in this regard as a "technical breach" of the forbearance agreement, the fact remains that the agreed-upon payment was not tendered in a timely fashion and, in accordance with the terms of the forbearance agreement, defendant's failure in this regard entitled plaintiff to proceed with foreclosure. As for defendant's assertion that he should have been afforded a reasonable period of time to perform his obligations, our reading of the forbearance agreement indicates that time was of the essence (see generally, Sparks v Stich, 135 AD2d 989, 991; Lusker v Tannen, 90 AD2d 118, 124; 22 NY Jur 2d, Contracts, §§ 247-248, at 97-99) and defendant's proffered evidence of alleged discussions or agreements regarding the source of the May 10, 1991 payment is properly excludable by the parol evidence rule (see, Chemical Bank v Kaufman, 142 AD2d 526 ["Absent fraud or mutual mistake, where the parties have reduced their agreement to a writing, the parol evidence rule will exclude evidence of any prior or contemporaneous negotiations between them which is offered to modify or contradict the terms of the writing"]). The forbearance agreement clearly and unambiguously sets forth defendant's obligation to tender the sum due on or before the specified date (compare, Geller v Fairmont Assocs., 172 AD2d 915, 916 [extrinsic evidence may be examined to resolve ambiguity in underlying document]), and nothing in the agreement makes defendant's obligation in this regard contingent upon his receipt of funds from a third party.

Finally, with respect to defendant's motion for reconsideration, we are of the view that Supreme Court properly characterized this as a motion to reargue, the denial of which is not appealable (see, Stancage v Stancage, 173 AD2d 1081, lv de-

*nied* 78 NY2d 1062). Moreover, even if we were to construe defendant's motion as a motion to renew, we would find that defendant failed to "establish a justifiable excuse for not placing such facts before Supreme Court in the first instance" *(Newman v Holland,* 178 AD2d 866, 867) and conclude that the motion was properly denied. Defendant's remaining contentions have been examined and found to be lacking in merit.

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the order entered July 24, 1992 is affirmed, without costs. Ordered that the appeal from order entered November 13, 1992 is dismissed, without costs.

