◼ LOUIS L. SPIRT, Respondent, v DIANA L. SPIRT, Appellant. [619 NYS2d 316] —In an action, *inter alia,* for specific performance of an alleged oral agreement to convey a life estate in a portion of improved real property, the defendant appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), dated June 6, 1994, which granted the plaintiff's motion for a preliminary injunction barring the defendant from interfering with the plaintiff's ability to reside, together with his wife, in an addition constructed upon the defendant's property.

Ordered that the order is affirmed, with costs.

It is undisputed that the plaintiff expended approximately $150,000 to construct an addition (hereinafter referred to as the premises) upon the home of the defendant, his daughter. He alleges that he did this pursuant to an agreement with the defendant to convey to him a life estate in the premises. Notwithstanding the purported agreement, the defendant allegedly removed the plaintiff and his wife from the premises and relocated them in a nursing home against their will.

Contrary to the plaintiff's contention, the memorandum contained in the special use application made to the Zoning Board of Appeals of the Village of Bayville, which stated the intended use of the addition, is not a conveyance of an interest in real property, among other reasons, because it does not clearly manifest that it is the intent of the parties that an interest in the land is, in fact, being conveyed to the plaintiff *(cf., Willow Tex v Dimacopoulos,* 68 NY2d 963, 965; *219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 512). Specifically, there are no operative words of present intention to convey an interest in real property in the memorandum, such as "transfer, sell, release, grant, assign or convey" *(see,* General Obligations Law § 5-703; *see also,* Real Property Law

§ 240 [2]; §§ 243, 258, 290 [3]; *cf., Stratis v Doyle,* 176 AD2d 1096, 1097; *Evans v Taraszkiewicz,* 125 AD2d 884, 885-886).

Further, contrary to the plaintiff's contention, the memorandum does not represent a contract to convey an interest in real property pursuant to the Statute of Frauds, because, although it designates the parties and identifies and describes the subject matter, it does not state all of the essential terms of a complete agreement, such as the consideration *(see,* General Obligations Law § 5-703 [2]; *see also, Matter of Davis v Dinkins,* 206 AD2d 365; *Natuzzi v Rabady,* 177 AD2d 620, 623; *Delfino v Estate of Parkinson,* 159 AD2d 476, 477; *Aceste v Wiebusch,* 74 AD2d 810; *Conway v Maher,* 185 AD2d 570, 570-571). In addition, parol evidence may not be received to supplement an insufficient writing so as to bring it into compliance with the requirements of the Statute of Frauds *(see, O'Brien v West,* 199 AD2d 369, 370).

However, the Statute of Frauds specifically provides an exception to the writing requirement where there is part performance that is "unequivocally referable" to an oral agreement *(see,* General Obligations Law § 5-703 [4]; *see also, Burns v McCormick,* 233 NY 230, 231-233). The plaintiff has stated sufficient facts to raise a triable issue as to whether his acts were unequivocally referable to an oral agreement to convey an interest in real property, and the memorandum, as well as plaintiff's payment of the $150,000, are probative on the issue of the plaintiff's part performance *(see, Spodek v Riskin,* 150 AD2d 358, 360; *see also, Uskokovic v Radunovich,* 127 AD2d 830; *City Store Gates Mfg. Corp. v United Steel Prods.,* 79 AD2d 671, 671-672). Furthermore, the plaintiff has shown facts sufficient to raise a triable issue with respect to his demand for the imposition of a constructive trust upon the premises *(see, McGrath v Hilding,* 41 NY2d 625). In addition, since the plaintiff showed a probability of success on the merits, a danger of irreparable injury in the absence of the preliminary injunction, and a balance of the equities in his favor, the Supreme Court did not improvidently exercise its discretion when it granted the preliminary injunction *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *see also, Moczan v Moczan,* 135 AD2d 692; *Weissman v Kubasek,* 112 AD2d 1086; *Poling Transp. Corp. v A & P Tanker Corp.,* 84 AD2d 796, 797; *cf., Krause v Krause,* 112 AD2d 862, 864).

There is no merit to the defendant's remaining contention. Ritter, J. P., Santucci, Friedmann and Goldstein, JJ., concur.