ELEANOR GATES, Appellant, v EASY LIVING HOMES, INC., et al., Defendants, and DAVID MARTIN et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants. [815 NYS2d 683]—

In an action to foreclose three mortgages, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 4, 2005, as denied that branch of her cross motion which was for summary judgment and, in effect, denied that branch of her cross motion which was for leave to reargue her motion for the appointment of a temporary receiver for the subject properties, which had been denied in an order of the same court (Lifson, J.), dated January 26, 2004, and granted the motion of the defendants third-party plaintiffs David Martin, Jodi Martin, Vincent Faraci, sued herein as John Doe, and Roseann Faraci, sued herein as Jane Doe, for a preliminary injunction enjoining her from proceeding with the action pending the determination of actions entitled *Martin v Easy Living Homes, Inc.*, and *Faraci v Easy Living Homes, Inc.*, pending in the Supreme Court, Suffolk County, under index Nos. 7344/01 and 8225/04, respectively, without further order of the Supreme Court.

Ordered that the appeal from so much of the order as, in effect, denied that branch of the cross motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In support of that branch of her cross motion which was for summary judgment, the plaintiff established her prima facie entitlement to judgment as a matter of law through the produc-

tion of the subject mortgages and unpaid notes (*see Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812 [1993]; *Metropolitan Distrib. Servs. v DiLascio*, 176 AD2d 312 [1991]). However, the Supreme Court properly declined to grant summary judgment at this juncture, as the respondents are entitled to obtain necessary discovery concerning the alleged fraud perpetrated by the plaintiff and the defendants Easy Living Homes, Inc., and Elliot A. Baker (*see* CPLR 3212 [f]; *Aubrey Equities v SMZH 73rd Assoc.*, 212 AD2d 397, 398 [1995]). Summary judgment should not be granted where, as here, there are likely to be defenses that depend upon knowledge in the possession of the party moving for summary judgment which may be disclosed by discovery (*see Terranova v Emil*, 20 NY2d 493, 497 [1967]; *Aubrey Equities v SMZH 73rd Assoc., supra*).

Further, since the respondents demonstrated a probability of success on the merits, a danger of irreparable injury in the absence of the preliminary injunction, and a balance of the equities in their favor, the Supreme Court providently exercised its discretion in granting the preliminary injunction (*see Spirt v Spirt*, 209 AD2d 688, 689 [1994]; *Moczan v Moczan*, 135 AD2d 692 [1987]).

Finally, contrary to the plaintiff's contention, that branch of the plaintiff's cross motion which was for the appointment of a temporary receiver was not based upon new facts which were unavailable at the time of her prior motion. Therefore, that branch of her cross motion was one for leave to reargue, the denial of which is not appealable (*see Scoma v Doe*, 2 AD3d 432, 433 [2003]; *Lin v City of New York*, 305 AD2d 553, 554 [2003]). Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.