■ EITAN VENTURES, LLC, Appellant, v PEELED, INC., et al., Respondents. [943 NYS2d 449]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 13, 2011, which insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the causes of action for breach of contract and fraud, unanimously affirmed, without costs.

In May 2007, plaintiff, a venture capital firm, invested $150,000 in defendant Peeled, Inc. In consideration of the payment, Peeled executed and delivered an interest-bearing promissory note and the parties entered into a related convertible debt agreement. The note provided that "all principal and accrued interest" was to become due and payable in a lump sum on December 31, 2009 "[u]nless converted prior thereto as provided in the [agreement]." Both the note and the agreement provided that Peeled could prepay part or all of its debt if plaintiff agreed to it.

The agreement contained two conversion provisions. Under the first, plaintiff had, "at any time after the [note's] date of issuance," the right to convert "[t]he principal and interest payable under the [n]ote" into shares of Peeled's common stock at a fixed price per share. Under the second conversion provision, the principal and interest payable under the note would "automatically" be converted upon the earliest of December 31, 2009 or a contemplated transaction which undisputedly never occurred.

The agreement contained other terms that are relevant here. It provided that, in the event of a conversion, plaintiff would deliver the note to Peeled for cancellation, and that the note would immediately become null and void regardless of its delivery by plaintiff. Under another provision, if there were any inconsistencies between the terms of the agreement and the note, the note's terms would control.

About two weeks before the note's due date, plaintiff notified Peeled that it wanted to convert about 26% of the total principal and accrued interest. Peeled refused to effect the partial conversion on the ground that the agreement only permitted the complete conversion of plaintiff's rights under the note. Instead, Peeled paid plaintiff the full amount of principal and interest owing under the note on the due date of December 31, 2009. Plaintiff accepted the payment under protest and then commenced this action.

The cause of action for breach of contract was properly dismissed. Plaintiff first claims that Peeled breached the terms

of the agreement by refusing to convert only a portion of the amount due under the note. However, the agreement cannot be read to provide for partial conversions. When construing a contract, the most important consideration is to give effect to the parties' intentions (*Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]). To ascertain those intentions, a court should examine the contract as a whole and interpret its parts with reference to the whole (*see Kass v Kass*, 91 NY2d 554, 566-567 [1998]). Applying those basic principles, we find it evident that the parties did not intend that plaintiff could choose to convert less than all of its rights under the note. Otherwise, the contract would not have provided for the note's cancellation upon a conversion. If, as plaintiff claims, the contract permitted it to convert only a portion of the amounts due under the note, that partial conversion would have nullified the remainder of Peeled's debt to plaintiff, and there is no evidence that plaintiff intended to forego repayment of the remainder.

As further proof that the contract does not provide for partial conversion, we note the disparate treatment of Peeled's prepayment rights and plaintiff's conversion rights. While the instruments explicitly provided that Peeled could make partial prepayments upon the parties' agreement, the contract makes no mention of partial conversions.

With respect to the breach of contract claim, plaintiff also claims that Peeled violated the agreement by paying off the note on December 31, 2009. Although the agreement also provided for automatic conversion on that date, the agreement specifically provided that the note's terms controlled in the event of inconsistency. Thus, it appears that the conversion was to occur only if the note was not paid off.

Finally, the fraud cause of action fails because Peeled fully repaid plaintiff's investment, with interest, and accordingly, plaintiff sustained no out-of-pocket loss (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.