■ Route 217, LLC, Respondent, v Peter Greer et al., Appellants. [990 NYS2d 276]—

Rose, J. Appeal from an order of the Supreme Court (Nichols, J.), entered May 30, 2013 in Columbia County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

In January 2011, plaintiff entered into a contract to purchase property in the Town of Claverack, Columbia County for $1,400,000 from Beaver Creek Realty, LLC (hereinafter contract No. 1). Six months later, plaintiff entered into a separate contract with ESL Partners, LLC, whereby it was agreed that plaintiff would convey the subject property to ESL for $1,650,000 in a simultaneous closing with Beaver Creek (hereinafter contract No. 2). Pursuant to the terms of contract No. 2, ESL was required to make a down payment of $82,500 to plaintiff. ESL then assigned contract No. 2 to defendant BLP Partners, LLC.

Although the closing for both contracts was originally scheduled for October 2011, the closing date was extended several times due to BLP's financial inability to close on contract No. 2. As part of the agreements to extend the closing date, BLP agreed, among other things, to release its $82,500 deposit

to plaintiff. Additionally, a second addendum to contract No. 2 was executed in February 2012, wherein the parties agreed that "[i]n the event that the closing shall not take place on or before April 20, 2012, [contract No. 2] shall be considered null and void, and the deposit . . . shall be retained by [plaintiff] as liquidated damages." Ultimately, the closing did not take place by the April 2012 deadline and contract No. 2, by its terms, became null and void. Plaintiff then elected not to proceed with its purchase of the property from Beaver Creek pursuant to contract No. 1.

In June 2012, Beaver Creek entered into a new contract directly with BLP to convey the subject property for a purchase price of $1,400,000, with Beaver Creek agreeing to finance a substantial portion of the purchase price by taking back a $1,000,000 mortgage. When Beaver Creek conveyed the property to BLP's assignee, plaintiff commenced this action against BLP, its assignee and a number of other related entities. In its complaint, plaintiff alleges causes of action in fraud and prima facie tort, claiming $167,500 in actual damages (the difference between BLP's deposit of $82,500 and plaintiff's anticipated profit of $250,000), and also seeks a declaratory judgment as well as $500,000 in punitive damages. Prior to discovery, defendants moved to dismiss the complaint and plaintiff crossmoved for summary judgment in its favor. Supreme Court notified the parties that it would treat defendants' motion to dismiss as a motion for summary judgment (see CPLR 3211 [c]) and, thereafter, denied the parties' summary judgment motions as premature, without prejudice, pending discovery. Defendants now appeal.

Plaintiff's cause of action alleging fraud requires "a misrepresentation or omission of a material fact known to be false and made with the intent to deceive, as well as justifiable reliance and damages" (84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226 [2013]; see McColgan v Brewer, 112 AD3d 1191, 1193 [2013]; Kurtz v Foy, 65 AD3d 741, 742 [2009]). Here, plaintiff alleges that it was assured by defendants that they would not purchase the property directly from Beaver Creek and, based on those assurances, plaintiff terminated both of its contracts. Even assuming that these allegations are sufficient to sustain a fraud cause of action (see 84 Lbr. Co., L.P. v Barringer, 110 AD3d at 1226; compare Kaufman v Torkan, 51 AD3d 977, 980 [2008]), we nonetheless note that plaintiff seeks only lost profits as its damages and, therefore, cannot succeed on this cause of action. "The true measure of damage [for fraud] is indemnity for the actual pecuniary loss sustained as the direct result of

the wrong or what is known as the out-of-pocket rule" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996] [internal quotation marks and citations omitted]). Damages for fraudulent acts should "compensate plaintiffs for what they lost because of the fraud, not for what they might have gained" (*Continental Cas. Co. v PricewaterhouseCoopers, LLP*, 15 NY3d 264, 271 [2010]). As plaintiff does not dispute that it seeks only the lost profit it anticipated earning as a result of conveying the property to BLP, defendants are entitled to summary judgment dismissing the first cause of action (*see Eitan Ventures, LLC v Peeled, Inc.*, 94 AD3d 614, 616 [2012]; *Kaddo v King Serv.*, 250 AD3d 948, 949-950 [1998]).

Plaintiff's second cause of action alleging a conspiracy to commit fraud must also be dismissed because " 'a mere conspiracy to commit a [tort] is never of itself a cause of action' " (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986], quoting *Brackett v Griswold*, 112 NY 454, 467 [1889]; *see Aprea v New York State Bd. of Elections*, 103 AD3d 1059, 1061 [2013]; *Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1218 [2011]). Plaintiff's third cause of action for prima facie tort "requires a showing of an intentional infliction of harm, without excuse or justification, by an act or series of acts that would otherwise be lawful" (*Lerwick v Kelsey*, 24 AD3d 931, 931 [2005], *lv denied* 6 NY3d 711 [2006]; *accord Hobler v Hussain*, 111 AD3d 1006, 1008-1009 [2013]). Significantly, "[s]uch acts must be motivated solely by malevolence" (*Cavanaugh v Doherty*, 243 AD2d 92, 101 [1998]; *see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]; *Hobler v Hussain*, 111 AD3d at 1008-1009; *Morrison v Woolley*, 45 AD3d 953, 954 [2007]). Plaintiff has itself asserted that the goal of defendants' "scheme[ ]" was to "sav[e] $167,500" and it makes no claim that defendants were motivated—even in part—by malevolence. As for plaintiff's fourth cause of action for declaratory relief, it too must be dismissed as entirely unnecessary under the circumstances here (*see James v Alderton Dock Yards*, 256 NY 298, 305 [1931]; *Niagara Falls Water Bd. v City of Niagara Falls*, 64 AD3d 1142, 1144 [2009]; *Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355, 358 [2006]).

Nor, in light of our determination that plaintiff failed to establish its causes of action for fraud and prima facie tort, is this a case for punitive damages. There is no basis upon which to conclude that defendants' conduct " 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007], quoting *Walker*

*v Sheldon*, 10 NY2d 401, 405 [1961]; *accord Dowlings, Inc. v Homestead Dairies, Inc.*, 88 AD3d 1226, 1231 [2011]).

Finally, we are aware that discovery has not yet been conducted between these parties. Nevertheless, the additional information that plaintiff hopes to discover regarding when defendants first began planning to purchase the property directly from Beaver Creek would not overcome defendants' entitlement to judgment as a matter of law as demonstrated by the record evidence and undisputed facts (*see Clochessy v Gagnon*, 58 AD3d 1008, 1009-1010 [2009]; *George S. May Intl. Co. v Thirsty Moose, Inc.*, 19 AD3d 721, 722 [2005]; *Wright v Shapiro*, 16 AD3d 1042, 1043 [2005]).

Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion; motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.