HSBC Bank USA, Natl. Assn. v Guardian Preserv. LLC (2018 NY Slip Op 02692)





HSBC Bank USA, Natl. Assn. v Guardian Preserv. LLC


2018 NY Slip Op 02692


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

524887

[*1]HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ELLINGTON LOAN ACQUISITION TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, Respondent,
v
GUARDIAN PRESERVATION LLC, Appellant, et al., Defendants.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Sandra Poland Demars, Albany, for appellant.
Frenkel Lambert Weiss Weisman & Gordon LLP, Bay Shore (Keith L. Abramson of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Coccoma, J.), entered March 23, 2017 in Otsego County, which granted plaintiff's motion for summary judgement.
In September 2014, plaintiff commenced a foreclosure action regarding a mortgage secured by improved real property in the Town of Springfield, Otsego County, but failed to name defendant Guardian Preservation LLC (hereinafter defendant) in that action.
Prior to commencement of this foreclosure action, in December 2013, defendant purchased the subject property for $2,250 from the borrowers and prior fee owners, Nancy Schroeter and Todd Schroeter [FN1]. Defendant took the property subject to the mortgage held by plaintiff and recorded its deed in February 2014. Plaintiff succeeded in its foreclosure action and purchased the property [*2]itself; it recorded a referee's deed in July 2016.[FN2]
Thereafter, plaintiff commenced the instant litigation, alleging reforeclosure and strict foreclosure causes of action pursuant to RPAPL 1503 and 1352. Defendant answered and plaintiff then moved for summary judgment seeking relief pursuant to RPAPL 1352, 1503 and 1523. Defendant submitted an affirmation in opposition to plaintiff's motion, to which plaintiff replied. Supreme Court ultimately granted plaintiff's motion for summary judgment, finding that plaintiff was entitled to judgment of reforeclosure pursuant to RPAPL 1503 and 1523, and that it need not address plaintiff's request for strict foreclosure pursuant to RPAPL 1352. The court granted defendant 45 days to redeem the property and pay the mortgage debt to plaintiff. Defendant appeals and we affirm.
To prevail in a reforeclosure action, the plaintiff must demonstrate that the defect in the original foreclosure action was not the result of fraud or "wil[l]ful neglect" (RPAPL 1523 [1]). Further, absent any actual prejudice occasioned by the defect in the original foreclosure, the court's judgment may fix a time for redemption of the property and, if the defendant fails to redeem within the fixed time, it will thereafter be precluded from redeeming the property or claiming any right, title or interest therein (see RPAPL 1523 [2]).
There is no dispute that the defect in the original foreclosure action was plaintiff's omission of defendant as a party, despite plaintiff having ordered a full title search and mortgage foreclosure certificate in August 2013 and a foreclosure report update in March 2014. Even though the foreclosure report update purported to be an "update to the original [f]oreclosure [r]eport," including "information obtained from the public records in the county and state where the land is located and affects title," the update failed to disclose defendant's February 2014 quitclaim deed. Plaintiff thereafter commenced its original foreclosure action in September 2014 and failed to join defendant. Under these facts, there is simply no reason why plaintiff would willfully omit a necessary party and, viewing the evidence in the light most favorable to defendant, plaintiff demonstrated the absence of willful neglect as it reasonably relied on the update that failed to uncover defendant's quitclaim deed. While it could be argued that a further update should have been ordered before commencing the foreclosure action, the failure to do so constitutes an omission and does not amount to willful neglect (see 37-40 Realty, Inc. v A.P. Zheng, Inc., 38 Misc 3d 1202[A], 2012 NY Slip Op 52327[U], *3 [Sup Ct, Queens County 2012]).
As plaintiff met its initial burden on the motion for summary judgment, the burden shifted to defendant to demonstrate the existence of a triable issue of fact, which it has failed to do (see Park Place at Malta, LLC v Berkshire Bank, 148 AD3d 1414, 1416 [2017]). Defendant also has not established any actual prejudice, such as being precluded from raising meritorious defenses to the original foreclosure action, as its submissions in opposition to the instant action and the summary judgment motion identified none. Further, to the extent that defendant argues that it has been prejudiced because it was denied the right of redemption, this argument must fail. A foreclosure sale is void against an omitted party, therefore, defendant's rights, including its right of redemption, are unaffected by the judgment of foreclosure and sale (see 6820 Ridge Realty v Goldman, 263 AD2d 22, 26 [1999]). Further, Supreme Court explicitly granted defendant a 45-day right of redemption in its order. We have examined defendant's remaining arguments as to economic prejudice and find them to be unavailing. Therefore, Supreme Court [*3]properly granted summary judgment to plaintiff.
McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The Schroeters obtained a discharge in a chapter 7 bankruptcy proceeding and sold the property two days after the final decree was entered and thereafter defaulted in the foreclosure action. 

Footnote 2: Plaintiff purchased the property for $923,404.72.