People v Laurito (2020 NY Slip Op 04432)





People v Laurito


2020 NY Slip Op 04432


Decided on August 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 6, 2020

528147

[*1]Stephen P. Romine, Appellant,
v
James P. Laurito et al., Respondents.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Stephen P. Romine, Woodstock, appellant pro se.
Rizzo & Kelley, PLLC, Poughkeepsie (Christina M. Bookless of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered February 20, 2018 in Ulster County, which granted defendants' motion for summary judgment dismissing the second amended complaint.
Plaintiff rents a residence located in the Town of Woodstock, Ulster County. In 2008, the owner upgraded the electric service at the residence. As part of the upgrade, Central Hudson Gas & Electric Corporation, a utility corporation that provides gas and electric services, replaced the analog meter with a Public Service Commission (hereinafter PSC) approved General Electric I-210 digital encoder receiver transmitter (hereinafter ERT).[FN1] Defendant James P. Laurito was employed as president and/or chief executive officer of Central Hudson between 2009 and March 2016. Defendant Steven V. Lant was employed by Central Hudson between 1980 and 2014, and served as president and/or chief executive officer between 2004 and 2014. In March 2013, plaintiff wrote to defendants demanding that Central Hudson remove the ERT, alleging that it emitted carcinogenic radiation and caused both his partner and him to become ill. He further demanded that Central Hudson replace the ERT with, in his words, a "safe and lawful analog meter." Central Hudson refused. Plaintiff then personally removed the ERT and replaced it with what he contended was a "remanufactured" and "safe" analog meter [FN2] and mailed the discarded ERT to defendants, along with a DVD documenting his removal and replacement of the ERT.
Central Hudson thereafter concluded that plaintiff's actions had created a safety issue and disconnected plaintiff's electric service. As a result, plaintiff contacted the PSC [FN3] with his complaints. The PSC sent a letter to plaintiff, dated July 16, 2013, informing him that it had determined that the ERT employed by Central Hudson met PSC safety and accuracy standards, and that plaintiff's actions in removing and replacing the meter created a safety issue. Further, the PSC informed plaintiff that his electric service would not be restored until he accepted a new ERT meter. In response, plaintiff requested an informal hearing regarding his complaint (see 16 NYCRR 12.5 [a] [1]). By way of a letter dated March 3, 2014, the PSC denied plaintiff's request, informed plaintiff of his ability to appeal the denial, and articulated the appeal procedure and time limits for doing so. Plaintiff did not appeal the PSC's determination. Instead, in May 2016, plaintiff commenced this action [FN4] alleging, among other things, constitutional and international law violations, breach of contract, negligence, trespass and fraud. Defendants duly answered and, in February 2017, moved for summary judgment dismissing the second amended complaint.
Approximately two months later, in April 2017, plaintiff served his first demands for discovery. Defendants moved to stay discovery pending Supreme Court's decision on their motion; the court granted that motion. Thereafter, plaintiff opposed defendants' summary judgment motion, contending that it was premature because he was not afforded an opportunity to conduct discovery (see CPLR 3212 [f]). After determining that defendants' motion was not premature, Supreme Court granted the motion, finding that plaintiff's proper remedy was a CPLR article 78 proceeding to challenge the PSC's determination and, in any event, plaintiff failed to exhaust his administrative remedies. Finally, the court held that because plaintiff had a full and fair opportunity to litigate his claim before the PSC, collateral estoppel precluded him from maintaining this action. Plaintiff appeals.
Initially, we agree with Supreme Court that the motion for summary judgment was not premature. Plaintiff waited 11 months to serve discovery demands and served the demands after the motion was scheduled to be heard. Moreover, the majority of plaintiff's demands are more appropriately addressed to a nonparty — defendants' previous employer — rather than defendants. Plaintiff failed to demonstrate that the information sought through discovery was in the exclusive possession of defendants (see CPLR 3212 [f]; Park Place at Malta, LLC v Berkshire Bank, 148 AD3d 1414, 1417 [2017]; Herba v Chichester, 301 AD2d 822, 823 [2003]).
Turning to the merits, we find that Supreme Court was correct in its interpretation of the doctrine of primary jurisdiction. Under the doctrine of primary jurisdiction, a court has the discretion to refrain from exercising jurisdiction over a matter where an administrative agency also has jurisdiction, and the determination of the issues involved, under a regulatory scheme, depends upon the specialized knowledge and experience of the agency (see Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988]; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]; Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954, 955 [1996], lv denied 89 NY2d 801 [1996]). Here, the issues concern the particular meter used by Central Hudson, plaintiff's removal and replacement of same, the safety concerns caused by his actions and the validity of the disconnection of his service. These matters fall under the doctrine and, thus, were appropriate for PSC determination. We also agree with Supreme Court's assessment that the causes of action found in plaintiff's complaint amount to little more than a rebranding of his PSC claim and were properly dismissed (see Township of Thompson v New York State Elec. & Gas Corp., 25 AD3d 850, 852 [2006], lv denied 6 NY3d 713 [2006]).
Lastly, we agree with Supreme Court's determination that review of a PSC ruling is limited to a CPLR article 78 proceeding. "Supreme Court, in determining the motion for [summary judgment,] properly considered whether the . . . primary jurisdiction doctrine[] precluded the causes of action propounded by plaintiff[]" (Lauer v New York Tel. Co., 231 AD2d 126, 129 [1997]), and that, in order to review the original ruling, it was incumbent upon plaintiff to bring an article 78 proceeding (see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 547 [2006]; Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y., 87 NY2d 17, 28 [1995]; Matter of Public Serv. Commn. of State of N.Y. v Rochester Tel. Corp., 55 NY2d 320, 325 [1982]). "An [a]rticle 78 proceeding must be commenced within four months after the administrative determination . . . becomes final and binding" (Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000] [internal quotation marks and citations omitted]; see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d at 547). As the PSC rendered its determinations on July 16, 2013 and March 3, 2014, the latest date that plaintiff could have commenced a proceeding was July 2014. Having commenced this action on May 19, 2016, the matter, even if brought as an article 78 proceeding, is time-barred. Given our decision, plaintiff's remaining contentions are academic.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Central Hudson's operations are governed and regulated by the PSC pursuant to Public Service Law § 66.

Footnote 2: This meter was not approved by Central Hudson or the PSC.

Footnote 3: Pursuant to 16 NYCRR 12.1 (b), plaintiff did this via telephone calls, correspondence and emails.

Footnote 4: Plaintiff amended the original complaint twice, expounding on the same claims.