■ MERCURY SERVICE SYSTEMS, INC., Appellant, v MILTON SCHMIDT et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered May 5, 1975, unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. Denial of an injunction *pendente lite* against solicitation of plaintiff-appellant's customers is amply justified by delay of three and one-half months in seeking this relief. In the interval, had plaintiff moved with dispatch consonant with a threat of truly irreparable harm, all issues could well have been resolved at a plenary trial. Further, there is no clear showing of a right to the relief sought. Concur—Stevens, P. J., Markewich, Murphy, Lupiano and Lane, JJ.

■ In the Matter of LUNA ITALIAN RESTAURANT, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Judgment, Supreme Court, New York County, entered July 31, 1974, dismissing petition (Article 78, CPLR) to annul respondent-respondent's determination of disapproval of petitioner's application for a restaurant liquor license, unanimously reversed, on the law, and vacated, without costs and without disbursements, the determination annulled, and the matter remanded to respondent for further proceedings not inconsistent herewith. Though the past history of the establishment is marred by two prior cancellations of license, petitioner's derelictions are all traceable to the single fact of her employment of her brother, a convicted felon with no other means of livelihood, in her establishment. The brother, the cause of the trouble, is now dead. It is this past history of the premises which militated against a grant of the license. We find this reason insufficient and indeed irrational. We suggest in our remand that, if no other reason presents itself for disapproval, it would be arbitrary to deny the license on the record here presented. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

■ DUNBAR PAINT SUPPLY CORP., Respondent, v "JOHN DOE" et al., Appellants.—Order, Appellate Term, First Department, entered on or about February 24, 1975, modifying, by a divided court, a judgment of the Civil Court, to the extent of dismissing the petition as against the prime tenant, unanimously modified, on the law, to the extent of dismissing the proceeding as against the subtenant and, as so modified, the order appealed from is unanimously affirmed, without costs and without disbursements. This squatter proceeding was improperly brought against both the tenant of a rent controlled apartment and the subtenant whom she put in possession and the majority at the Appellate Term correctly so held as to the statutory tenant. We agree with the dissenting Justice that the proceeding should be dismissed as against the subtenant as well. As to the latter, it is conceded that he is in possession with the permission of the statutory tenant. Hence, he is in possession *with* "the permission of the person entitled to possession" (Real Property Actions and Proceedings Law, § 713, subd 3) and, accordingly, the statutory basis for a squatter proceeding under section 713 is lacking. The landlord has other available remedies. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.