■ STRAISA REALTY CORP., Respondent, v WOODBURY ASSOCI-ATES, Appellant, et al., Defendants.—In an action by a tenant, *inter alia,* for specific performance of an agreement to offer a lease of certain commercial premises, the defendant Woodbury Associates appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated April 17, 1989, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the preliminary injunction is vacated.

The plaintiff is the tenant of a ground floor space in a shopping mall owned by the defendant Woodbury Associates, by virtue of a lease effective as of October 1, 1981. The plaintiff operates a jewelry store at these premises. By agreement dated April 21, 1982, the plaintiff and the defendant landlord agreed that a lease of the premises adjacent to that leased by the plaintiff would be offered to the plaintiff when it became vacant. It appears from the record that on two occasions in 1985 and 1986, the adjacent store became vacant and was re-leased by the defendant to third parties, including the defendants Highlanders, Inc. and Young Americans, Inc. It further appears that no action was taken by the plaintiff in regard to these alleged breaches of the 1982 agreement.

In November 1988, when the plaintiff became aware that

the defendant was about to re-lease the adjacent store again, it commenced the instant action seeking, *inter alia,* specific performance of the 1982 agreement and damages for the 1985 and 1986 breaches. The plaintiff subsequently sought a preliminary injunction restraining the defendant from re-leasing the adjacent premises. The Supreme Court, Nassau County, granted the motion for a preliminary injunction. We now reverse.

It is well settled that an application for a preliminary injunction requires a showing that (1) the movant is likely to succeed ultimately on the merits, (2) the movant will suffer irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities favors granting the preliminary injunction *(see, Gedney Serv. Sta. v Sposato Realty,* 151 AD2d 641; *Weissman v Kubasek,* 112 AD2d 1086; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13a).

The general rule is that while specific performance is available in appropriate circumstances for the breach of a commercial or residential lease, this equitable remedy is not awarded as a matter of course to enforce real property leases *(see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 192). In *Van Wagner (supra,* at 193), the Court of Appeals stated that "[t]he point at which breach of contract will be redressable by specific performance * * * must lie not in any inherent * * * uniqueness of the property but instead in the uncertainty of valuing it". Nothing in the record indicates such an uncertainty in estimating the measure of damages as to dictate departure from the general principle. It follows that the plaintiff has not shown a likelihood of success on the merits and must fail.

In addition, there is the further consideration that despite two alleged breaches of the 1982 agreement in 1985 and 1986, no action was taken by the plaintiff before commencement of the instant action in 1988. "[H]ad [the] plaintiff moved with dispatch consonant with a threat of truly irreparable harm, all issues could * * * have been resolved at a plenary trial" *(see, Mercury Serv. Sys. v Schmidt,* 50 AD2d 533).

Reference to our decision in *Workbench, Inc. v Syblin Realty Corp.* (140 AD2d 693) is not apropos. In *Workbench,* this court granted a preliminary injunction to a tenant restraining the sale of the premises for which the tenant had a fully negotiated and executed lease, the term of which had commenced. There, the tenant had paid, and the landlord had accepted, the security deposit and the first month's rent, the tenant had

received the keys and taken possession of the demised premises, and the tenant had also spent thousands of dollars in preparation of the premises for its intended use. Notably, none of the factors present in *Workbench* are present here, and our reference in *Workbench* to the "uniquely suited" property is not to be interpreted as involving any departure from the decision in *Van Wagner (Workbench, Inc. v Syblin Realty Corp.,* 140 AD2d 693, 697 *supra).* Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.