■ PHILIP S. PAROFF et al., Respondents, v HYMAN MUSS et al., Appellants.—In an action, *inter alia,* for a judgment declaring the rights and duties of the parties with respect to a clause contained in a commercial lease granting an option to use certain parking spaces, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated December 4, 1989, as granted the plaintiffs' motion for a preliminary injunction and denied the defendants' cross motion for summary judgment or dismissal of the complaint for failure to state a cause of action.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' cross motion which was to dismiss the plaintiffs' fourth, fifth and sixth causes of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The determination as to whether to issue a preliminary injunction is a matter left to the sound discretion of the trial court *(see, Weissman v Kubasek,* 112 AD2d 1086). In the case at bar, there was no improvident exercise of discretion since the plaintiffs made a sufficient showing to warrant the granting of a preliminary injunction *(see, Workbench, Inc. v Syblin Realty Corp.,* 140 AD2d 693; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13a).

The Supreme Court properly denied the defendants' cross motion with respect to the first, second, and third causes of action, as the record indicates the existence of a triable issue of fact regarding whether the parties intended to create a license or a lease by the option clause contained in their commercial lease allowing the plaintiffs to "have [seven] parking spaces at the posted rate". Where, considering a lease as a whole, in the light of all its constituent parts, there is ambiguity, it is proper to admit parol evidence of the circumstances

and negotiations prior to execution and also, if necessary, to look at the practical construction given the lease subsequent to execution *(see, Kalmon Dolgin Co. v Walnut Lanes,* 27 AD2d 843).

However, that branch of the defendants' cross motion which was to dismiss the fourth and fifth causes of action seeking compensatory and punitive damages for the defendants' "attempt to harass, anger, and annoy" the plaintiffs for failure to state a cause of action should have been granted. The fourth cause of action failed to set forth a claim for prima facie tort because the plaintiffs failed to allege any specific and measurable loss or special damages *(see, Freihofer v Hearst Corp.,* 65 NY2d 135; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454; *Wehringer v Helmsley-Spear, Inc.,* 91 AD2d 585, *affd* 59 NY2d 688). Further, with respect to the fifth cause of action, it is well settled that a demand for punitive damages does not exist as a separate cause of action for pleading purposes *(see, Fiesel v Nanuet Props. Corp.,* 125 AD2d 292).

Finally, the defendants were entitled to summary judgment dismissing the plaintiffs' sixth cause of action seeking attorneys' fees. A party must pay its own attorneys' fees and disbursements unless an award is authorized by agreement between the parties or by statute or by court rule *(see, Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1). The clause in the lease providing that the tenant be required to pay attorneys' fees is inapplicable to this action since the clause applies to actions brought as a result of the tenant's "default in the observance or performance of any term or covenant on tenant's part to be observed or performed under * * * the terms * * * of [the] lease". However, this action was instituted by the tenants for alleged default by the landlord under the lease. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.