Joan Messner, Appellant, v 112 East 83rd Street Tenants Corp. et al., Respondents. [840 NYS2d 45]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 31, 2005, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to amend the complaint to assert causes of action for fraud and breach of fiduciary duty, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 6, 2005, which denied plaintiff's motion to reargue, unanimously dismissed.

The tenant from whom plaintiff purchased her shares obtained the co-op board's permission to enclose the terrace appurtenant to this penthouse apartment with a glass roof and windows, creating a greenhouse structure. Plaintiff claims that defects in the structure and the roof of the building allow water to leak into her apartment and greenhouse and that defendants are responsible for making and paying for the necessary repairs. The motion court correctly held that the co-op has no duty to make the repairs since an indemnification agreement, executed

by the parties simultaneously with the proprietary lease, obligates plaintiff to perform any repairs necessitated by any alteration work that plaintiff undertakes in the apartment or that was done previously in the apartment. Because the co-op was not under a duty to make the repairs, it cannot be held liable for failing to do so. Accordingly, plaintiff's cause of action for negligence was correctly dismissed.

Plaintiff's causes of action for breach of the proprietary lease, breach of the warranty of habitability and specific performance requiring defendants to permit the terrace area to be connected to the building's heating system properly were dismissed on this record that establishes that the enclosed terrace area was never considered a habitable part of the apartment, and that defendants therefore have no obligation to provide heat to that area. Although plaintiff maintains that she received oral permission from the managing agent to utilize the building's heating system for this purpose, she concedes that she did not obtain written approval, as required to connect heaters in the enclosed terrace area to the building's heating system.

Plaintiff does not have a cause of action for fraud based on the co-op's alleged failure to disclose that the greenhouse lacked a certificate of occupancy, since the parties were not in a fiduciary relationship prior to the sale of the apartment and since the co-op disclosed a report prepared by an engineer that questioned the legality of the greenhouse. Nor does plaintiff have a cause of action for breach of fiduciary duty based on the co-op's failure to obtain a certificate of occupancy for the enclosed terrace area. The co-op board's determination not to obtain the certificate was made " 'in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes' " (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990], quoting *Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). Judicial inquiry is therefore prohibited by the business judgment rule (*Levandusky, supra*). The action was properly dismissed as against the individual director defendants in the absence of allegations that they committed separate tortious acts (*see DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]). Concur—Saxe, J.P., Marlow, Catterson and McGuire, JJ.