■ LAWRENCE GOLDHIRSCH, Appellant, v ST. GEORGE TOWER AND GRILL OWNERS CORP., Respondent. [37 NYS3d 616]—

In an action, inter alia, to recover damages for breach of a proprietary lease and breach of the implied warranty of habitability, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 26, 2014, which denied his motion for summary judgment on the issue of liability on the causes of action to recover damages for breach of a proprietary lease and breach of the implied warranty of habitability, and, in effect, searched the record and awarded summary judgment to the defendant dismissing the cause of action to recover damages for breach of the implied warranty of habitability.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the defendant dismissing the cause of action to recover damages for breach of the implied warranty of habitability, and (2) by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on his cause of action for breach of the proprietary lease for the failure to proportionately abate his maintenance pursuant to paragraph 4 (b) based upon the closure of his terrace due to a storm in June 2007 through its reopening in spring 2009 and on the issue of liability on his cause of action for breach of the implied warranty of habitability for all closures of his terrace, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

On May 14, 2007, the plaintiff became a shareholder in the defendant cooperative corporation and the owner of a proprietary lease for apartment 5K. The plaintiff's apartment shares a 780-square-foot terrace with the owners of apartment 5L. In June 2007, several weeks after the plaintiff moved into his apartment, the plaintiff's terrace was damaged by a storm. Shortly thereafter, based upon an engineer's inspection that

revealed the terrace was unsafe, the defendant placed the terrace off limits. The terrace was reopened in the spring of 2009, but the terrace was again closed in August 2009 so that the defendant could conduct "major renovations" on upper floors of the building. In January 2010, the defendant advised the plaintiff that the terrace closure would likely continue through 2011 and possibly into 2012 so that the building could conduct facade work mandated by a New York City local law. With the terrace still closed, on or about May 24, 2010, the plaintiff commenced this action to recover damages for, among other things, breach of the proprietary lease and breach of the implied warranty of habitability. The plaintiff thereafter moved for summary judgment on the issue of liability on both causes of action. The Supreme Court denied the plaintiff's motion and, in effect, searched the record and awarded summary judgment to the defendant dismissing the cause of action to recover damages for breach of the implied warranty of habitability.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his cause of action to recover damages for breach of the implied warranty of habitability (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The implied warranty of habitability, codified in the Real Property Law, provides that in every written lease for residential purposes, the landlord or lessor "shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety" (Real Property Law § 235-b [1]). In *Solow v Wellner* (86 NY2d 582, 587-588 [1995]), the Court of Appeals clarified that Real Property Law § 235-b (1) includes three separate covenants: "(1) that the premises are fit for human habitation, (2) that the premises are fit for the uses reasonably intended by the parties, and (3) that the occupants will not be subjected to conditions that are dangerous, hazardous or detrimental to their life, health or safety" (*id.* at 587-588 [internal quotation marks omitted]). "A breach of warranty may be said to have occurred where the premises have not met the reasonable expectations of the parties" (7-82 Warren's Weed, New York Real Property § 82.22 [2016]). Here, the plaintiff established that the water damage and subsequent closures of the terrace rendered it unfit for the uses reasonably intended by the parties (*see Solow v Wellner*, 86 NY2d at 589; *Israel Realty LLC v Shkolnikov*, 51 Misc 3d 1202[A], 2016 NY

Slip Op 50348[U] [Civ Ct, NY County 2016]; *Forest Hills No. 1 Co. v Schimmel*, 110 Misc 2d 429, 434 [1981]; *cf. Messner v 112 E. 83rd St. Tenants Corp.*, 42 AD3d 356, 356-357 [2007]). In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). Accordingly, the plaintiff is entitled to recover damages under his warranty of habitability cause of action for all periods of time that the terrace was closed (*see Matter of Nostrand Gardens Co-Op v Howard*, 221 AD2d 637, 638 [1995]; *see also Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 329 [1979]).

Further, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his cause of action for breach of the proprietary lease, but only as to the terrace closures resulting from the June 2007 storm which rendered the terrace untenantable through the spring of 2009 (*see Zuckerman v City of New York*, 49 NY2d at 562). The lease provides, among other things, that the defendant shall "at its expense keep in good repair all of the building, including all of the apartments." Further, the lease requires the defendant to "proportionally abate" the plaintiff's rent (i.e., maintenance) if "damage resulting from fire or other cause shall be so extensive as to render the apartment partly or wholly untenantable." The plaintiff established, prima facie, that the damage to his terrace caused by the June 2007 storm rendered that portion of his apartment untenantable.

The defendant contends that the plaintiff's terrace does not fall within the proprietary lease's definition of "apartment," which includes terraces that are "exclusively allocated to the occupant of the apartment," because the terrace is shared with the owners of apartment 5L. However, paragraph 7 of the lease inconsistently provides that if an apartment includes a terrace, the lessee "shall have and enjoy the exclusive use of [it]." We construe this ambiguity in the lease against the defendant, the party that drafted the lease, and find that the subject terrace is a part of the plaintiff's apartment. "[I]n cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it and favorably to a party who had no voice in the selection of its language" (*67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245, 249 [1975]; *see Paroff v Muss*, 171 AD2d 782, 782-783 [1991]).

In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). The defendant's contention regarding the application of the business judgment rule is without merit. The business judgment rule "bars judicial inquiry into actions of corporate directors

taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). However, "[t]he rule does not shield cooperatives from liability for breaches of contract . . . A breach of a tenant's proprietary lease by the cooperative's board of directors may be the best of the options open to the board, but that does not protect it from liability for that breach" (*Goldstone v Gracie Terrace Apt. Corp.*, 110 AD3d 101, 105 [2013] [citations omitted]; *see Ludwig v 25 Plaza Tenants Corp.*, 184 AD2d 623, 625 [1992]).

However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on his cause of action to recover damages for breach of the proprietary lease with respect to the terrace closures beginning in August 2009. Paragraph 29 (a) of the proprietary lease provides, in relevant part: "No abatement of rent or other compensation . . . shall be made or allowed because of the making or failure to make or delay in making any repairs, alterations or decorations to the building . . . or for space taken to comply with any law, ordinance or governmental regulation . . . unless due to Lessor's negligence." While the provision for the proportional abatement of rent under paragraph 4 (b) for damage due to "fire or other cause" is triggered irrespective of the defendant's negligence, in order to recover for the making of repairs, renovations, and disruptions necessary to comply with local law, paragraph 29 (a) requires the plaintiff to demonstrate that the defendant was negligent. As the issue of a party's negligence is typically an issue of fact (*see Pinilla v City of New York*, 136 AD3d 774, 778 [2016]), and since the plaintiff has failed to establish that the defendant was negligent as a matter of law (*see Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]), that branch of the plaintiff's motion was properly denied (*see Zuckerman v City of New York*, 49 NY2d at 562). Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.