345 E. 50th St. LLC v Board of Mgrs. of M at Beekman Condominium (2018 NY Slip Op 08090)





345 E. 50th St. LLC v Board of Mgrs. of M at Beekman Condominium


2018 NY Slip Op 08090


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7721 154185/15

[*1]345 East 50th Street LLC, et al., Plaintiffs-Appellants,
v
The Board of Managers of M at Beekman Condominium, et al., Defendants-Respondents.


Seyfarth Shaw LLP, New York (Jeremy A. Cohen of counsel), for appellants.
Gartner & Bloom PC, New York (William M. Brophy of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 20, 2017, which, inter alia, granted the individual defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The court properly dismissed the complaint as against the individual defendants based on the business judgment rule (see generally Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]). The record demonstrates that the roof was replaced to further the condominium's interest, even if plaintiffs may have been damaged as a result, and there was no evidence of bad faith (see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]).
Plaintiffs argue that the individual defendants were not protected by the business judgment rule because they were singled out for disparate treatment, and the individual defendants acted out of self-interest. However, the disparate treatment cited by plaintiffs occurred after the board's determination to replace the roof, which was a proximate cause of plaintiffs' damages. Plaintiffs also failed to provide evidence that the individual defendants were motivated by their self-interest, or obtained any individual benefit from the decision to replace the roof.
Plaintiffs argument that the individual defendants breached their fiduciary duty by failing to inform themselves about the status of plaintiffs' renovations to their unit before considering the roof replacement, is unavailing. The record shows that the board consulted with engineers and building management concerning the necessity to replace the roof and alternative actions to remedy the water infiltration, and that more limited measures were unsuccessful. The status of plaintiffs' renovations was not relevant to the board's interest in maintaining the integrity of the building (see Messner v 112 E. 83rd St Tenants Corp., 42 AD3d 356, 357 [1st Dept 2007], lv dismissed 9 NY3d 976 [2007]).
We have considered plaintiffs' remaining contentions, including that the motion should have been denied because discovery was not complete, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK