Suber v Churchill Owners Corp. (2024 NY Slip Op 03020)

Suber v Churchill Owners Corp.

2024 NY Slip Op 03020

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 151845/22 Appeal No. 2420-2421 Case No. 2023-04417, 2023-04415 

[*1]Karen M. Suber, Appellant,
v
Churchill Owners Corp. et al., Respondent.

Karen M. Suber, appellant pro se.
Armstrong Teasdale LLP, New York (Dale J. Degenshein of counsel), for Churchill Owners Corp., The Board of Directors of Churchill Owners Corp., respondents.
Law Office of Richard A. Klass, Brooklyn (Richard A. Klass of counsel), for Judy Rode and Edward Rode, respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered March 6, 2023, which, insofar as appealed from, granted the motion of defendants Judy Rode and Edward Rode (the sellers of the co-op) to dismiss the amended complaint as against them, unanimously affirmed. Order, same court and Justice, entered March 6, 2023, which granted the motion of defendants Churchill Owners Corp., the Board of Directors of Churchill Owners Corp., Ronald Kaslow, and Robert Stella (the cooperative defendants) to dismiss the amended complaint as against them, unanimously affirmed, without costs.
The motion court properly dismissed the amended complaint against the sellers of the shares and proprietary lease for the cooperative apartment at issue. Contrary to plaintiff's contention, the sellers have no duty to disclose the discovery of asbestos in the building or the related documents under the parties' contract of sale (see e.g. Stambovsky v Ackley, 169 AD2d 254, 257 [1st Dept 1991]). Here, the merger and "as is" clauses in the contract and riders bar plaintiff's breach of contract claim (see e.g. TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 85 [1st Dept 2015] ["an 'as is' clause in a contract to sell real property will ordinarily bar a claim for breach of contract"]; see also Jarecki v Shung Moo Louie, 95 NY2d 665, 669 [2001]). Moreover, the specific disclaimers and a merger clause bar claims arising out of reliance on purported representations, such as the fraud, fraud in the inducement, fraudulent concealment, and negligent misrepresentation claims herein (Von Ancken v 7 E. 14 L.L.C., 171 AD3d 440, 441 [1st Dept 2019], lv denied 33 NY3d 912 [2019]).
Contrary to plaintiff's assertion that the claims are subject to the special facts doctrine, here, the sellers did not owe plaintiff a duty outside the arm's length transaction (see Basis Pac-Rim Opportunity Fund [Master] v TCW Asset Mgt. Co., 124 AD3d 538, 539 [1st Dept 2015]). Plaintiff also failed to plead facts that would support a finding of active concealment, as the "bare allegation that defendants knew of a latent defect in the conveyed premises is insufficient to make out a prima facie claim for fraud based on active concealment" (Jee Foo Realty Corp. v Lemle, 259 AD2d 401, 402 [1st Dept 1999]).
Although not specifically addressed in the order appealed, we find that the claim for breach of the implied covenant of good faith and fair dealing "arose from the same facts and sought identical damages" as the contract claim and was properly dismissed as duplicative (Havell Capital Enhanced Mun. Income Fund, L.P. v Citibank, N.A., 84 AD3d 588, 588 [1st Dept 2011]). Contrary to plaintiff's contention, the Martin Act (General Business Law art. 23-A), not federal securities law, governs the public sale of cooperative apartment shares, and nothing in the Martin Act governs the claims between individual parties to an arm's length transaction like the one here (see e.g. Kralik v 239 E. 79th St. [*2]Owners Corp., 5 NY3d 54, 58-59 [2005]; United Housing Foundation, Inc. v Forman, 421 US 837, 858 [1975]).
Plaintiff is correct that the pandemic-related executive orders "constituted a toll of the applicable statute of limitations" and rendered her fraud claims timely (Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]; CPLR 213[8]). Nevertheless, the motion court properly dismissed the claims against the cooperative defendants.
With respect to the breach of fiduciary duty claim, the corporation itself does not owe a shareholder a fiduciary duty (see Peacock v Herald Sq. Loft Corp., 67 AD3d 442, 443 [1st Dept 2009]), nor did the board owe plaintiff a fiduciary duty "prior to the sale of the apartment" (Messner v 112 E. 83rd St. Tenants Corp., 42 AD3d 356, 357 [1st Dept 2007], lv dismissed 9 NY3d 976 [2007]). The aiding and abetting fraud claim against the cooperative defendants was properly dismissed because, for the reasons set forth above, the underlying fraud claims against the sellers fail (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).
The balance of the fraud claims were also properly dismissed for failing to allege any material misrepresentation. Plaintiff acknowledges that she learned of the asbestos condition in the building from a board memorandum three weeks after purchase, which defeats her allegations that the cooperative defendants somehow concealed or omitted its disclosure (see e.g. J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007];
Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]; Mitschele v Schultz, 36 AD3d 249, 254-255 [1st Dept 2006]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024