12 3rd St LLC v Hilario (2025 NY Slip Op 51110(U))

[*1]

12 3rd St LLC v Hilario

2025 NY Slip Op 51110(U)

Decided on July 16, 2025

Justice Court Of The Town Of Haverstraw, Rockland County

Coffinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2025
Justice Court of the Town of Haverstraw, Rockland County

12 3rd St LLC, Petitioner,

against
Jennifer Hilario, Respondent.

Case No. 25040137

George G. Coffinas, J.

This matter is a Summary Nonpayment Proceeding brought by petitioner 12 3rd St LLC to recover possession of premises known as 12 3rd Street, Basement First Floor, Haverstraw, New York 10927 (hereinafter, the "Premises") and for a money judgment for rent arrears and the value of fair use and occupancy for the period November, 2024 to April, 2025, in the total sum of $5,759.00.[FN1]
Petitioner has appeared through counsel and respondent has appeared pro se. As it was stipulated at trial that respondent vacated the Premises on April 6, 2025, the issue of possession is now moot. Accordingly, this decision will address only the issue of the money judgment sought by petitioner.
This matter duly came on for trial before the Court on June 16, 2025. Petitioner called one witness, to wit, Joel Fisher, the property manager of the Premises during the period in question. The following exhibits were offered by petitioner and admitted into evidence by the Court: Petitioner's Exh. "1": a copy of the expired lease for the Premises made between petitioner and respondent on January 4, 2023 (admitted without objection); and Petitioner's Exh. "2": a ledger sheet enumerating amounts charged by petitioner for rent and fees, and payments made by respondent credited against those charges. The respondent testified in her own behalf. The following exhibits were offered by respondent and admitted into evidence by the Court, without objection: Respondent's Exhs. "A" through "K" and "N" through "T", each of which were photographs depicting the Premises at various times during the respondent's occupancy; Respondent's Exhs. "L" and "M", photographs of respondent's child taken during the relevant [*2]time period; and, Respondent's Exhs. "U" through "FF," consisting of various text messages between respondent and Mr. Fisher.
After due deliberation upon the foregoing, it is the decision of the Court, for the reasons set-forth below, that the petitioner is not entitled to recover damages for rent arrears from the respondent.
Petitioner presented proof at trial of the following facts: that respondent had a written one year lease, whose term was February 1, 2023 to January; 31, 2024; that the rent reserved thereunder was $945.00 per month; that upon expiration of the lease, respondent became a month-to-month tenant at an increased monthly rent of $970.00; and, that it is owed a total of $5,759.00, calculated as follows: $909.00 for the month of November, 2024, $970.00 for the months of December, 2024 through April, 2025, inclusive. However, as the written lease was still in effect for the months of December, 2024 and January, 2025, the rent due for those months is $945.00, not $970.00 as averred by petitioner. Accordingly, the Court finds that the amount of unpaid rent for the period in question is $5,709.00.
While respondent did not dispute the amount of unpaid rent, she did assert an affirmative defense of breach of the warranty of habitability. At trial respondent established that for the entire period of time for which rent arrears are sought, and indeed for months prior, the Premises had numerous water leaks, permeation of black mold, insect infestation, cracked and peeling ceilings, and uncompleted plumbing repairs which left open walls and exposed pipes. The photographs and text messages admitted without objection into evidence clearly demonstrate the existence of those conditions, that they existed for the entire period that rent arrears are sought, and, that respondent gave petitioner actual notice of the conditions commencing on March, 19, 2024, and on numerous occasions thereafter. Additionally, respondent presented evidence that the black mold in the Premises caused her infant daughter, who also resided there, to break out in hives and rashes. While respondent did not present expert medical proof of the connection between these outbreaks and the mold, such proof is specifically not required by statute. RPL § 235-b (3) (a). The Court finds that the temporal link between the two makes it more likely than not that there is indeed a connection between the mold and the child's outbreaks. 
Every residential written or oral lease or rental agreement contains an implied warranty of habitability. RPL § 235-b (1). That section of the statute provides, inter alia, as follows:
In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety.
A breach of the implied warranty of habitability may be asserted as an affirmative defense in a nonpayment proceeding as an offset to rent arrears sought. Park West Management Corp. v. Mitchell, 47 NY2d 316 (1979).
In order to sustain an affirmative defense of breach of the warranty of habitability, a party must establish a breach of any of the following covenants: "(1) that the premises are fit for human habitation, (2) that the premises are fit for the uses reasonably intended by the parties, and (3) that the occupants will not be subjected to conditions that are dangerous, hazardous or detrimental to their life, health or safety." RPL § 235-b; Goldhirsch v. St. George Tower and [*3]Grill Owners Corp., 142 AD3d 1044 (2d Dept. 2016). The Court of Appeals has clarified that the three elements set-forth in the statute are three separate and distinct covenants. Solow v. Wellner, 86 NY2d 582 (1995). Thus, the breach of any one of the three covenants may serve as the basis for a claim of breach of the warranty of habitability. Id.
Damages for breach of the warranty of habitability are "measured by 'the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach.'" Edstrom v. St. Nicks Alliance Corp., 194 AD3d 518 (1st Dept. 2021).
Applying the foregoing principles to the evidence adduced at trial, the Court finds that during the period of time for which rent arrears are sought, and indeed for a longer period of time, petitioner breached the implied warranty of habitability, in that the Premises were not fit for the uses reasonably intended by the parties, and that the respondent and her infant child were subjected to conditions that were dangerous, hazardous or detrimental to their life, health or safety. The Court further finds that petitioner had actual notice of the complained-of conditions and ample opportunity to correct same, but failed to do so. Lastly, the Court finds that given the multiplicity and extensiveness of the complained-of conditions, the appropriate measure of damages is a complete abatement of the rent arrears sought in the petition. Of note, a majority of those conditions have been found, standing alone, to constitute a breach of the warranty of habitability. See Grinberg v. Eissenberg, 58 Misc 3d 84 (App. Term, 2, 11 & 13 Jud. Dists.) (water leaks and mold); Cornell v. 360 W. 51st St. Realty, LLC, 95 AD3d 50 (1st Dept. 2012) (mold); and Wallace 18 LLC v. Tucker, 66 Misc 3d 1209(A) (NY Civ. Ct. Bronx Cnty. 2020) (insect infestation).
Accordingly, it is hereby
ORDERED, that the Clerk of the Court is directed to enter judgment in favor of the respondent and against the petitioner dismissing the petition.
Dated: July 16, 2025
Garnerville, New York
ENTER.
Hon. GEORGE G. COFFINAS,
Town Justice, Town of Haverstraw

Footnotes

Footnote 1:While petitioner, in its pleadings, identifies itself as "12 3rd St LLC," a search of the records of the NYS Department of State, Division of Corporations, reveals the actual name of petitioner to be "12 Third St, LLC." The court will overlook this mistake, as no substantial right of the respondent is prejudiced thereby. See CPLR § 2001.