Matter of Northridge Coop. Section III, Inc. v Bonilla (2025 NY Slip Op 06062)

Matter of Northridge Coop. Section III, Inc. v Bonilla

2025 NY Slip Op 06062

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-00882
 (Index No. 53707/18)

[*1]In the Matter of Northridge Cooperative Section III, Inc., appellant, 
v
Evelyn Bonilla, et al., respondents- respondents, et al., respondent.

The Bresky Law Firm, PLLC, Elmhurst, NY (Marc S. Bresky and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Tane Waterman & Wurtzel, P.C., New York, NY (Moshe C. Bobker of counsel), for respondents-respondents.

DECISION & ORDER
In a summary holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated July 2, 2021. The order affirmed an order of the Civil Court of the City of New York, Queens County (Lydia C. Lai, J.), dated June 27, 2019, granting that branch of the motion of the respondents Evelyn Bonilla and Roselyn Bonilla which was for summary judgment dismissing the petition insofar as asserted against them and denying that branch of the petitioner's cross-motion which was for summary judgment on the petition insofar as asserted against the respondents Evelyn Bonilla and Roselyn Bonilla.
ORDERED that the order dated July 2, 2021, is affirmed, with costs.
In 1983, the respondent Evelyn Bonilla and her husband, Felix Carlos Bonilla, purchased shares in the petitioner, the owner of a cooperative housing project. On June 29, 1983, Evelyn and Felix, as shareholders, entered into an occupancy agreement appurtenant to one of the cooperative apartments. Article 5 of the occupancy agreement provided, in pertinent part: "The Member shall occupy the dwelling unit covered by this agreement as a private dwelling for himself and his immediate family . . . so long as he continues to own common stock of the Corporation, occupies his dwelling unit, and abides by the terms of this agreement." Article 12 of the occupancy agreement, entitled "ALTERATIONS AND ADDITIONS," provided, in pertinent part: "The Member shall not, without the written consent of the Corporation, make any structural alterations in the premises or in the water, gas or steampipes, electrical conduits, plumbing or other fixtures connected therewith, or remove any additions, improvements, or fixtures from the premises. If the Member for any reason shall cease to be an occupant of the premises he shall surrender to the Corporation possession thereof, including any alterations, additions, fixtures and improvements."
Evelyn and Felix resided in the cooperative apartment together with their two daughters, including the respondent Roselyn Bonilla, until January 2004, when Evelyn moved out of the apartment as part of her divorce settlement with Felix. Roselyn continued to reside in the [*2]apartment with Felix until his death in 2016. After Felix's death, Roselyn continued to reside in the apartment alone with Evelyn's consent.
In December 2017, the petitioner sent Evelyn a notice of termination, asserting that she violated the occupancy agreement, inter alia, by vacating the apartment and failing to surrender possession of the same and by wrongfully permitting other individuals to reside in the apartment in her place, including Roselyn.
In February 2018, the petitioner commenced this summary holdover proceeding against Evelyn, Roselyn, and another respondent, alleging, among other things, that Evelyn violated articles 5 and 12 of the occupancy agreement by vacating the apartment and permitting Roselyn to reside in the apartment without her.
Evelyn and Roselyn moved, inter alia, for summary judgment dismissing the petition insofar as asserted against them. The petitioner cross-moved, among other things, for summary judgment on the petition insofar as asserted against Evelyn and Roselyn. In an order dated June 27, 2019, the Civil Court granted that branch of the motion and denied that branch of the cross-motion. In an order dated July 2, 2021, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts affirmed the Civil Court's order. The petitioner appeals.
Contrary to the petitioner's contention, the occupancy agreement did not require Evelyn to co-occupy the apartment with Roselyn (see Mainstay Coop. Section Two v Hroch, 105 AD2d 695, 695; Barbizon Owners Corp. v Chudick, 159 Misc 2d 1023, 1025 [Civ Ct, Queens County]). The terms of the occupancy agreement are ambiguous, and the ambiguities were properly construed against the petitioner (see Goldhirsch v St. George Tower & Grill Owners Corp., 142 AD3d 1044, 1046). Those terms fail to provide for the situation in issue here.
At the time that Evelyn vacated the apartment, she had no duty to surrender the apartment to the petitioner. Moreover, because Roselyn resided in the apartment for most of her life and was residing there at the time of Felix's death, she was an immediate family member under the occupancy agreement, entitled to reside there (see Mainstay Coop. Section Two v Hroch, 105 AD2d at 695). Article 12 of the occupancy agreement deals with alterations and additions and is not applicable to this controversy.
In light of our determination, the parties' remaining contentions need not be reached.
Accordingly, the Appellate Term properly affirmed the Civil Court's order.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court